### CARSON v. BROWN.   (No. 6540.)

(Court of Civil Appeals of Texas. San Antonio. April 6, 1921.)

1. Brokers ⬅️85(1)—Evidence that landowner undertook to pay actual expenses properly excluded in broker's action for commission.

Evidence that a landowner had undertaken to pay all actual expenses of a broker was properly excluded in an action for commissions by a broker who had procured a purchaser, where the transaction failed because vendor's wife would not sign the deed, the property being a homestead, for the evidence excluded offered no excuse for failure to pay the amount agreed.

2. New trial ⬅️99—Evidence held not newly discovered and not sufficient to affect result.

Where a broker procured a purchaser, but the vendor's wife refused to sign the deed, and the sale failed, it was not an abuse of discretion in an action by the broker for commission for the court to overrule a motion for new trial on the ground of newly discovered evidence that the purchaser would not have bought unless the vendor's wife joined; for as the purchaser testified that he was willing to purchase whenever an abstract and valid deed were delivered, such evidence could not have been newly discovered and would not have affected the result on another trial.

3. Brokers ⬅️61(3)—Broker who produces purchaser may recover commissions though sale not made because owner's wife refused to sign deed.

A broker having procured the designated purchaser is entitled to recover his commissions, though the sale was not made because the owner's wife refused to sign the deed, the property being a homestead; for, as the offer was not conditioned on the procuring of the wife's signature, the broker could not be defeated of his rights either because the wife was obstinate or she sought to enable her husband to escape his obligation.

Appeal from Tarrant County Court; W. P. Walker, Judge.

Action by James A. Brown against William Carson. From a judgment for plaintiff, defendant appeals. Affirmed.

Dee Estes, of Fort Worth, for appellant.
Baskin & Eastus and David Greines, all of Fort Worth, for appellee.

FLY, C. J. Appellee sued for and recovered from appellant the sum of $250, claimed as commissions for procuring the sale of lots in Carson's subdivision of the city of Fort Worth. There was a written contract between appellant and appellee wherein it was agreed that the former would pay the latter $250 "provided that said James A. Brown sells to Claude Rennick the said Carson's interest in what is known as Carson's subdivision of the city of Fort Worth, Tex., said amount to be paid from the first part of the purchase price paid." It was alleged that appellee procured Rennick, but appellant refused to consummate the sale. Appellant sought to evade payment of the money he had contracted to pay because his wife would not sign the deed, the property being a homestead.

[1] Evidence that appellant had undertaken to pay appellee for any and all actual expenses was properly excluded by the court. That evidence would have offered no reason nor excuse for failure to pay the amount appellant had agreed to pay. The first, second, and third assignments of error are overruled.

[2] The fourth assignment of error is overruled. The payment of the $250 was not conditioned on whether appellant's wife would sign the deed, and the court did not err in overruling a motion for a new trial based on newly discovered evidence on the

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

part of Rennick that he would not have purchased the property without Mrs. Carson had joined in the deed. Rennick was present at the trial and swore that he was ready, able, and willing to purchase the property whenever an abstract of title and valid deed were delivered to him. That is all his testimony would have amounted to on another trial, and in view of the witness having testified on the trial, the testimony could not have been newly discovered. There is no indication, whatever, of an abuse of the discretion reposed in the trial judge in such matters. The testimony could not have damaged the result on another trial.

[3] There were no conditions made between appellant and appellee as to the sale being consummated if the wife of appellant was willing, and the contract made by appellant shows that he anticipated no difficulty on that score. The wife may have changed her mind because she wanted $5,500 clear of commissions, or she may have changed it to suit her husband, thinking she could give him an excuse not to pay the commissions by withdrawing her consent. We have seen no case in which a party has been excused from paying commissions for sale of land because his wife refuses to sign a deed at the last moment, and especially would this be true in a case where there is an unconditional promise to pay a certain sum when a certain purchaser is obtained. There was no defect in the title, but merely a refusal to consummate the sale by either an obstinate wife, or a defensive wife, trying to shield a husband. If the principle be recognized that a man can avoid his written contracts to pay for services by having his wife change her mind about joining in a deed, it places the broker at the mercy of married men, whenever the wife's signature is necessary to a consummation of a sale. If appellant desired to make a sale conditioned on the acquiescence of his wife, he should have put that condition in the contract with appellee.

The judgment is affirmed.