CANEER et al. v. MARTIN.

No. 2944.

Court of Civil Appeals of Texas. Waco.

April 12, 1951.

Rehearing Denied May 3, 1951.

Wm. Andress, Jr., Dallas, for appellant.
Bryan & Sims, Hillsboro, for appellee.

HALE, Justice.

Appellee, a licensed real estate dealer, sued appellants, Mrs. Laura Caneer and husband, for a commission under the terms of a written contract providing for the exchange of certain properties with Mrs. Loucile Bruce and husband. Appellants answered the suit with a plea of coverture on behalf of Mrs. Caneer and a general denial. The case was tried before the court below without a jury and resulted in judgment for appellee.

At the request of appellants the trial judge filed findings of fact and conclusions of law. The findings were based upon written documents and the undisputed testimony of appellee and Mrs. Bruce, they being the only witnesses who testified at the trial. The findings and evidence show that after considerable negotiations a written contract was entered into on July 13, 1948, between appellants and Mrs. Bruce and husband, whereby the parties mutually agreed to an exchange of the properties therein described. This contract provided, among other things, that the value of the property which each party was to convey to the other was $17,200; that appellants had deposited with appellee, as agent, their warranty deed to be held by him in escrow "until the transaction is completed, and agreed to pay him a commission of $430.-00"; that appellee had represented both parties in negotiating the contract of exchange and each party would pay to him a commission of $430 for his services "when this transaction is closed"; and that "this transaction shall be closed on or before September 1, 1948, or as soon thereafter as possible." The contract contained detailed provisions with respect to the obligation of each party to furnish a complete abstract

of title covering the properties to be conveyed, the time within which objections thereto might be raised and cured by the respective parties, et cetera.

After the parties had proceeded for some time in accordance with the provisions of the contract, appellants repudiated the same and caused their attorney to notify appellee and the Bruces in writing, on August 10, 1948, that Mrs. Caneer would not convey to the Bruces the property described in the contract dated July 13, 1948 and that she could not be forced to do so because such property was the separate estate of Mrs. Caneer and constituted the homestead of appellants. The record does not indicate that appellants ever gave any reason or excuse for their refusal to comply with the terms of their contract other than the assertion that they could not be forced to do so. Mrs. Bruce testified without dispute that she and her husband were ready, able and willing to close the trade and she and appellee each testified at length as to what each did in attempting to consummate the transaction in accordance with the terms of the contract. The trial court found in effect that appellee and the Bruces did all that was required of them in their efforts to consummate the agreed exchange of properties and that the transaction was not closed because appellants refused to comply with the contract. The court concluded that appellants were liable to appellee for a sum equal to his entire commission in the amount of $860 and rendered judgment accordingly.

Under the first, second and third points in their brief, appellants say the judgment should be reversed and rendered in their favor because (1) the exchange of properties contemplated in the contract between the parties was never consummated, (2) the contract related to homestead property and consequently it was not subject to specific performance, and (3) appellee failed to prove at the trial that the Bruces had good title to the property they had agreed to convey to appellants. Their fourth and last point is as follows: "When the appellee, not licensed to practice law, has personally drawn a complicated exchange contract between two other parties, and the

conveyances therein required, he cannot recover commission as a beneficiary under such contract, because he is practicing law without a license and prohibited from deriving any benefit therefrom." We cannot agree with any of the contentions thus asserted by appellants for reasons which we shall note briefly.

■ The exchange contract was written by appellee and was signed by him, as well as by appellants and the Bruces. Construing the contract from its four corners, as it is our duty to do, we do not think it was the intention of the parties that the consummation of the contract was a condition precedent to the obligation of either party to compensate appellee for the agreed value of his services in negotiating and helping to close the transaction. On the contrary, it appears to us that the provision for the payment of a commission to appellee for his services "when the transaction is closed" was intended to relate only to the time of such payment and not to the contingency upon which the obligation to pay should arise. Lattimore v. George J. Mellina & Co., Tex.Civ.App., 195 S.W.2d 250. But, be that as it may, it is our opinion that appellants are liable to appellee in this case because the evidence shows that the transaction could not be closed on account of the arbitrary act of appellants in repudiating their contract and refusing to comply with its terms. Kittrell v. Barbee, Tex.Civ.App., 198 S.W.2d 155, er. dis.; Witherspoon v. Wall, Tex.Civ.App., 33 S.W.2d 805; Carson v. Brown, Tex.Civ.App., 229 S.W. 673; Rabinowitz v. North Texas Realty Co., Tex.Civ.App., 270 S.W. 579, er. dis.; Leonard v. Kendall, Tex.Civ.App., 190 S.W. 786, er. ref.; Gaut v. Dunlap, Tex.Civ.App., 188 S.W. 1020. As said in the case of West Realty & Investment Co. v. Hite, Tex.Com.App., 283 S.W. 481, 482: "The law will not permit the owner to deny to the broker his right to recover a commission where the broker himself has fully complied as far as possible, and where his only dereliction is produced entirely through the fault of the owner himself."

■■ It is elemental that the breach of a contract to convey homestead property

does not give rise to the remedy of specific performance. But that rule of law is not of controlling effect in its application to the facts of this case. The Bruces did not breach the contract here involved. They were ready, able and willing to perform the same and to convey the property they had agreed to convey. Even though the remedy of specific performance might not have been available to the Bruces, that fact would not relieve appellants of their contractual obligation to pay appellee the amount they agreed to pay him for negotiating and helping to close a transaction which they alone refused to close. Scarborough v. Payne, Tex.Civ.App., 198 S.W.2d 917, er. ref.; Ryan v. Long, Tex.Civ.App., 183 S. W.2d 473; Carson v. Brown, Tex.Civ.App., 229 S.W. 673; Cotten v. Willingham, Tex. Civ.App., 232 S.W. 572.

■ Appellants do not contend that there was any defect in the title of the Bruces. They had the right under the contract to examine the abstract of title covering the property of the Bruces but this they refused to do. Although the abstract of title was not introduced in evidence at the trial, Mrs. Bruce testified that she and her husband owned the property which they had agreed to convey to appellants and that they were ready, able and willing to do everything that was required of them under the contract. No question was raised by appellants in the trial court or at any time prior to the trial with respect to the title of the Bruces and we do not think they are in any position to raise that question for the first time in this court or to rely upon the failure of appellee or of the Bruces to cure any minor defect, if any, which might have been disclosed by an examination of the abstract of title covering the Bruce property. Having committed an anticipatory breach of the contract in unequivocal terms on August 10, 1948, when they informed appellee and the Bruces that Mrs. Caneer would not convey the property which she and her husband had agreed to convey, appellants thereby relieved the Bruces and appellee from any duty of further performance in so far as the right of appellee is concerned to recover damages on account of the wrongful repudiation of the contract by appellants. National Life Co. v. Wolverton, Tex.Civ.App., 163 S.W.2d 654, pts. 1 and 2 and authorities; Briley v. Keltner, Tex.Civ.App., 41 S.W.2d 343 and authorities.

■ This court is in full accord with all legitimate efforts to curb the unauthorized practice of law in this State. However, under the record before us we cannot say that the act of appellee in preparing the exchange contract, or the deeds of conveyance therein referred to, constituted the practice of law on his part. As a duly licensed real estate dealer under the provisions contained in Art. 6573a of Vernon's. Tex.Civ.Stats., he was acting as the agreed agent of both parties to the exchange contract, as well as for his own benefit, when he prepared and signed the same. Each party had verbally agreed to pay him a commission of $430 for his services as a real estate dealer, that being 2½ per cent upon the value of the property which each was to convey to the other. If the agreement had not been reduced to writing it would have been unenforceable against appellants under the provisions of Sec. 22 of the Real Estate Dealers License Act. Appellee reduced the agreement to writing. This, he was entitled to do for his own protection, without making any charge against the other parties to the contract. He has fully performed the services which his principals employed him to perform and, in our opinion, appellants are legally liable to him for the agreed value of the services. so rendered. To enforce such liability is the relief and the only relief which appellee, as a real estate dealer, sought and secured in the trial court.

Therefore, the judgment appealed from is. affirmed.