G. C. WALTERS, Jr., et al., Appellants,

v.

James W. THOMAS, Appellee.

No. 17706.

Court of Civil Appeals of Texas, Fort Worth.

March 26, 1976.

Rehearing Denied April 30, 1976.

Tom C. Ingram, Jr., Dallas, for appellants.

Minor, Jester & Davidge, and T. Miller Davidge, Jr., Denton, for appellee.

## OPINION

BREWSTER, Justice.

This case involved the question of how much commission a real estate broker was entitled to in payment for services he rendered to a landowner in connection with a real estate sales contract.

James W. Thomas, the landowner, is the plaintiff. G. C. Walters, Jr., and Associates (a corporation), G. C. Walters, Jr., and Terry D. Fick are the defendants. The corporate defendant was in the business of auctioning real estate and the other two defendants were employees and officers of the corporation.

The undisputed evidence shows that: on April 16, 1974, the parties entered into a written auction contract (Px. 3) by the terms of which the defendant, G. C. Walters, Jr., and Associates, agreed to conduct an auction and there sell land located in Denton County that was owned by plaintiff; that pursuant to that contract an auction was held by defendants, the auctioneers, on May 17, 1974, and they obtained a bid of $125,000.00 for plaintiff's land from Robert A. Nichols; following the auction Nichols and the plaintiff, Thomas, did on May 17, 1974, execute a real estate sales contract (Px. 1) wherein Thomas agreed to sell his land to Nichols for a purchase price of $125,000.00; at this same time Robert A. Nichols, the buyer, deposited with G. C. Walters, Jr., and Associates $12,500.00 as earnest money; G. C. Walters, Jr., and Associates had signed the real estate sales contract (Px. 1) as Escrow Agent; thereafter on May 23, 1974, the plaintiff, Thomas, deeded this same land to his banker named Walter Ray for a consideration of $130,-000.00; thereafter on May 25, 1974, Robert A. Nichols and the plaintiff, Thomas, executed a written agreement (Px. 2) by the terms of which they agreed to rescind the real estate sales contract (Px. 1) that they had entered into on May 17, 1974. The real estate broker was not a party to this rescission contract and did not consent to it.

One provision of the April 16, 1974 contract (Px. 3) between the broker (auctioneer) and the landowner was as follows: "First party (landowner) agrees to pay second party 7% cash of the highest bid obtained on said property *at time sale is consummated,* and further agrees to make deed . . . to any purchaser to whom second party (broker) may sell."

That contract further provided: "If for any reason, First Party does not confirm the sale of his property or accept the highest offer obtained at, or as a result of, the auction, he agrees to pay $2,000.00 cash at the time he declines the offer or bid."

Contained in the real estate sales contract (Px. 1) that was executed by the buyer, Nichols, the plaintiff, Thomas, and by the defendant, broker, as Escrow Agent, about thirty minutes after the auction, was the following provision: "9. COMMISSION: Seller agrees that the Escrow Agent is authorized to deduct from the purchase price

a commission as agreed, $5,000.00 on closing and remit same to Auctioneer, or 50% of any deposit forfeited by purchaser in event of default."

After Thomas and Nichols rescinded their contract for the sale of the land on May 25, 1974, the broker retained $5,000.00 of the $12,500.00 escrow deposit that Nichols had placed with him in connection with the real estate sales contract (Px. 1) and returned the remaining $7,500.00 of the escrow deposit to the buyer, Robert A. Nichols. The broker contended that he was entitled to the $5,000.00 as a commission.

When the broker refused to return this $5,000.00 to Nichols, the landowner, Thomas, paid the $5,000.00 to Nichols, thus making Nichols whole in so far as the $12,500.00 escrow deposit he had put up is concerned.

Thomas' position is that the broker was entitled to a commission of only $2,000.00 for his services, because of the contract provision above quoted. Thomas (the landowner) then brought this action against the defendant (broker) to recover $3,000.00 of the $5,000.00 that the broker retained out of the escrow deposit that had been placed with him.

The trial court following a non-jury trial rendered judgment in favor of Thomas, decreeing that he recover from the broker the $3,000.00 sued for. This appeal is brought by the broker from that decree.

One of the trial court's conclusions of law was as follows: "2. That the Defendants are not entitled to recovery because the condition entitling them to recovery, to-wit: closing or consummation of the transaction, never came to pass."

We reverse and render.

The defendants have urged three points of error on this appeal. They are: (1) the trial court erred in concluding that the appellee was entitled to judgment because the contemplated sale was never closed; (2) the trial court erred in rendering the judgment for appellee because there was no evidence to support it; and (3) the trial court erred in failing to render judgment for appellant because the evidence shows that appellant is entitled to judgment as a matter of law.

We sustain those three points of error.

■ In this case, after the auction was held by the broker, the landowner did accept the highest offer or bid that was obtained at the auction by the broker. This was evidenced by the fact that within about thirty minutes following the auction both the landowner and the highest bidder at the auction executed a real estate sales contract (Px. 1) for sale of the land involved to buyer for the amount of the highest bid, to-wit, $125,000.00. Because the landowner did accept the highest bid made at the auction, the provision above quoted in the auction contract (Px. 3) providing for the payment of $2,000.00 to the broker, if for any reason the landowner does not confirm the sale or accept the highest offer obtained at or as a result of the auction, has no application to the facts of this case. By its own terms that provision applied only in instances where the landowner did not confirm the sale of his land or accept the highest offer obtained at the auction.

■ We also hold that the fact that the contract between the parties (Px. 3) provided that the broker's commission would be paid "at time sale is consummated" does not prevent the broker from being entitled to his commission under the facts of this case.

■ The rules of law that control the outcome of this case are stated in the case of *West Realty & Investment Co. v. Hite,* 283 S.W. 481 (Tex.Com.App., 1926), at page 481 as follows: " . . . when a broker employed to sell property has found a purchaser who is ready, able, and willing to buy at the price and upon the terms specified in the broker's contract of employment, he has earned his commission, even though through some fault or inability of the owner the deal is never actually consummated. *The rule extends even to those cases where the commission is to be payable only upon the consummation of the sale, if such consummation is prevented through the fault of the owner.* The law will not permit the owner to deny to the broker his right to recover a commission where the broker him-

906

self has fully complied as far as possible, and where his only dereliction is produced entirely through the fault of the owner himself." (Emphasis ours.)

Other cases that support the holding in that case are: *Lattimore v. George J. Mellina & Co.*, 195 S.W.2d 250 (Tex.Civ.App., Fort Worth, 1946, no writ hist.); *Don Drum Real Estate Company v. Hudson*, 465 S.W.2d 409 (Tex.Civ.App., Dallas, 1971, no writ hist.), and *Caneer v. Martin*, 238 S.W.2d 828 (Tex.Civ.App., Waco, 1951, writ dism.).

It is true that the sale between Thomas and Nichols was never consummated and that the contract between the landowner and the broker provided that the commission agreed on was payable "at time sale is consummated." It is also undisputed that consummation of the sale was prevented through fault of the owner.

 As was held in the case of *West Realty & Investment Co. v. Hite*, supra, the rule of liability on the part of the landowners to the broker for the commission that is therein announced extends even to cases where the commission is to be payable only upon consummation of the sale, if such consummation is prevented through the fault of the owner.

On this point in 9 Tex.Jur.2d 833, Brokers, Sec. 68, the following is said: "Under a contract to pay a commission if the trade goes through, or any similar stipulation, the commission is payable when a binding sales contract is executed through the efforts of the broker, even though, through the fault of the principal, the trade is never consummated. Thus, the principal is liable for a commission where he wilfully refuses to close the deal, or to convey the property."

And the broker in this case was not deprived of his right to a commission by the fact that the landowner, Thomas, and the buyer, Nichols, made the agreement between themselves by the terms of which they rescinded the real estate sales contract between them (Px. 1) without the broker's consent. *Elmen v. Winfield*, 80 S.W.2d 343 (Tex.Civ.App., San Antonio, 1935, writ dism.), and *Miller v. Carlson*, 390 S.W.2d 64 (Tex.Civ.App., Texarkana, 1965, ref., n. r. e.).

We hold that under the authority of the above cited cases the defendant was entitled to retain the entire $5,000.00 out of the escrow funds as his commission, and that the trial court erred in rendering the judgment requiring him to pay $3,000.00 of it to the landowner. The broker here had found a buyer who was ready, willing and able to buy the land at a price suitable to the landowner and the owner and buyer had executed a sales contract relating thereto. The landowner later rendered himself incapable of performing this contract that he had entered into with Nichols by selling and conveying the land to Ray for a greater amount than he had contracted to sell it to Nichols for. Consummation of the contract with the buyer that the broker had procured was thus prevented solely through fault of the plaintiff, owner. Under these facts the broker was entitled to the entire $5,000.00 commission.

The judgment is reversed and judgment is here rendered in favor of defendants to the effect that plaintiff, Thomas, take nothing by his suit as against them.