William H. KELLEY, Appellant,

v.

Ronald DUNN, Wayne Dunn, d/b/a Dunn & Associates, Appellees.

No. 1468.

Court of Civil Appeals of Texas, Tyler.

July 30, 1981.

C. A. Keeling, Martin & Keeling, Longview, for appellant.

Gregg Owens, Fenley, Bate, Porter & Owens, Lufkin, for appellees.

McKAY, Justice.

This is a suit for a real estate broker's commission on a sale of a 65 acre farm.

Ronald Dunn and Wayne Dunn, d/b/a Dunn and Associates (Dunn), brought suit against William H. Kelley (Kelley) and Howard W. Anderson (Anderson) for the sum of $5,500 for real estate agent's commission. In a trial before the court judgment was rendered in favor of Dunn against Kelley for $5,500 plus $1,750 attorney's fee in the trial court or $2,500 if appealed. The court ruled that Dunn take nothing as to Anderson. Kelley has appealed.

The trial court filed findings of fact as follows: (1) Dunn orally agreed with Kelley to find a purchaser for Kelley's farm with 6% commission for Dunn, and a written listing contract was prepared but never executed by Kelley; (2) Dunn and Kelley subsequently on March 2, 1978, entered into a valid written contract of sale with purchaser Anderson, who was procured by Dunn, for 5% commission to Dunn for total commission of $5,500; (3) the sales contract dated March 2, 1978, provided for the transaction to be completed within 60 days from date of execution; (4) the sale was not concluded in 60 days through no fault of Dunn but by Kelley and Anderson; (5) the sales contract of March 2, 1978, provided for forfeiture of earnest money in the sum of $1,000 in the event the transaction was not concluded in 60 days, and $250 was to be paid to Dunn; (6) seller Kelley forfeited the $1,000 earnest money and paid $250 to Dunn; (7) Dunn accepted the $250 with a letter stating they expected and demanded payment of their full commission in the event any sale was consummated between Kelley and Anderson; (8) Kelley and Anderson, prior to the expiration of the 60 day closing period and without the knowledge of Dunn, entered into a valid contract for the purchase of the land described in the contract of March 2, 1978; (9) Kelley and Anderson concluded the sale of the property substantially for the original contract price with no fee provided for or paid to Dunn; (10) the services of Dunn to Kelley was the procuring cause of the sale finally concluded to Anderson; (11) Kelley breached the provisions of the contract of March 2, 1978, providing for a fee of 5%, a total of $5,500, to be paid to Dunn; (12) Dunn is entitled to damages of $5,500; (13) Dunn is entitled to reasonable attorney's fees of $1,750 in the event there is no appeal, and $2,500 if there is an appeal to the Court of Civil Appeals; (14) prior to the expiration of the 60 day closing period called for in the March 2, 1978, contract, Anderson offered a contract for the purchase of the land to Kelley without providing for a real estate broker's fee to be paid to Dunn; (15) prior to the expiration of the 60 day closing period Anderson actively negotiated with Kelley for purchase of the land described in the contract of March 2, 1978, intending to cooperate

with Kelley's attempt to avoid the contract provisions providing for the payment of a $5,500 commission to Dunn; (16) the actions of Anderson in cooperating with and in willfully negotiating with Kelley for a later sale of the same property as to be sold under the March 2, 1978 sales contract, was a proximate cause of Dunn's damages in the amount of $5,500.

Conclusions of law were made and filed as follows: (1) the oral contract between Dunn and Kelley was not a valid contract for real estate commission, and is not enforceable; (2) the contract of sale dated March 2, 1978, between Kelley and Anderson is a valid and enforceable contract and provides for a 5% commission of $5,500 to be paid to Dunn; (3) Dunn procured Anderson, a willing and able buyer for the property, and they (Dunn) are entitled to their commission provided for in the contract because the sale was prevented by fault of the owner Kelley, and/or the mutual conduct of the parties in entering into a new contract prior to the expiration of the 60 days provided for the conclusion of the sale; (4) Anderson is jointly and severally liable to Dunn for $5,500 and attorney's fees of $1,750 if there is no appeal or $2,500 if there is an appeal, for the reason that he willfully and intentionally interfered with the March 2, 1978, contract by his negotiations with Kelley, his offering of another contract to Kelley and his cooperation with Kelley to avoid paying a real estate commission; (5) Dunn is entitled to a joint and several judgment under the contract of March 2, 1978, against Kelley in the amount of $5,500, with attorney's fees of $1,750 if no appeal or $2,500 if there is an appeal to the Court of Civil Appeals.

In his first three points appellant contends that there is no evidence, or insufficient evidence, to support finding of fact number 4, and it is against the great and overwhelming preponderance of the evidence. We overrule these points.

Finding of fact 4 found that the sale was not concluded in 60 days through no fault of Dunn but by Kelley and Anderson. Appellant Kelley argues that the record

shows that the reason for delay in concluding the sale of the land was caused by the delay of F.H.A. (Farmers Home Administration) in processing the loan application for Anderson to assume Kelley's loan, and therefore the finding is without foundation in the record. On March 2, 1978, Kelley as seller, Anderson as buyer, and Dunn as real estate agent or broker, entered into a contract to sell and buy 65 acres of land for a total purchase price of $110,000. The contract provided that "Purchaser intends to assume an existing FHA loan, if approved by FHA, and pay balance to seller in cash, or will pay seller all cash. Purchaser has 60 days from date to consummate his contract." Earnest money of $1,000 was provided for, and should the purchaser fail to consummate the contract, the seller would pay the agent $250, and if and when the contract was consummated, seller would pay agent a $5,500 fee.

On March 29, 1978, Anderson entered into a written agreement with Holly Farms of Texas to grow and sell chickens, and such operation was to be, and was actually, on the 65 acre Kelley tract. Anderson, as the grower, agreed to warrant that he was the owner of the land, buildings and equipment or that he was in legal possession of the property and had the right and authority to utilize the same. On April 6, 1978, Kelley and Anderson executed a written contract providing for Anderson to take possession and operate the farm and to sell and buy the 65 acre farm without reference to Dunn as the agent. The FHA loan was later approved for Anderson, and on October 26, 1978, Kelley executed a warranty deed to Anderson conveying the 65 acre farm.

In our view there is ample evidence in the record to support the finding by the court that Kelley and Anderson were at fault in not consummating the contract within the 60 day period. There was no condition in the contract that the FHA loan had to be obtained within the 60 days. In anticipation that the sale would be completed, the parties agreed on April 6, 1978, that Anderson could take possession and that the sale would be consummated later, even though

Anderson had contracted to grow chickens on the farm in March. About May 6, 1978, Anderson contacted Dunn and told him that the 60 day contract had expired and that the earnest money should be distributed. The earnest money was distributed by Dunn's attorney with $750 being paid to Kelley and $250 to Dunn.

It seems to be abundantly clear from the record that Kelley and Anderson, beginning on March 29, 1978, and continuing from that time, intended to make their own contract and apparently never intended to consummate the original contract where Dunn procured Anderson as a buyer for Kelley's farm.

Kelley's points 4, 5 and 6 complain of the legal and factual sufficiency of finding 8 wherein the court found that Kelley and Anderson, prior to the expiration of the 60 days and without Dunn's knowledge, entered into a valid contract for the purchase of the land described in the March 2, 1978, contract. We overrule these points.

The seventh, eighth and ninth points also challenge the legal and factual sufficiency of the trial court's conclusion of law 3 wherein the court concluded that Dunn procured a willing and able buyer, Anderson, and Dunn is entitled to the commission provided in the contract because the sale was prevented by Kelley or by the mutual conduct of the parties in entering into a new contract prior to the expiration of the 60 days provided for the conclusion of the sale. We overrule these points.

■ It is undisputed that Kelley and Anderson entered into a second contract within 60 days without Dunn's knowledge. It is without dispute that Dunn procured Anderson who was a willing and able buyer. Anderson, pursuant to the April 6, 1978, contract with Kelley, took possession of the property, made improvements on the house and began to raise chickens and was "intent on somehow ultimately purchasing this particular property."

As to whether Anderson was an "able" buyer, the record reveals that he *did* buy the farm, and the exhibits include checks from Anderson to Kelley in the sums of $1,250 and $17,700, plus checks from Anderson to Farmers Home Administration in the amount of $2,370, and from Jack Hancock (Anderson's uncle from whom he borrowed) to Kelley for $5,000. There is ample evidence that Anderson was not only a willing buyer but an able buyer.

By his last point Kelley says that the trial court erred in concluding that Kelley breached the contract of March 2, 1978, and Dunn is entitled to judgment under the contract for $5,500 with attorney's fees. We overrule this point.

In the old case of *Goodwin v. Gunter*, 109 Tex. 56, 185 S.W. 295, 296 (1916) *set aside on rehearing*, 109 Tex. 56, 195 S.W. 848 (1917) the court said:

* * * It is a general doctrine that in order for a broker to be entitled to commissions under a contract stipulating for their payment in the event of his sale of given property upon stated terms, a purchaser must have been produced through his efforts, ready, able and willing to buy the property upon the contract terms; otherwise the contract is not fulfilled upon the broker's part and the commissions are therefore not earned. But the commissions are earned and the broker is entitled to their payment according to the contract if, while it is in force, he procures a purchaser to whom the owner directly makes a sale upon terms which are satisfactory to himself, though different from those limited to the broker and yielding the owner a less amount than that for which the broker was empowered to sell. This is but a rule of fairness and right. In such a case the owner receives the full benefit of the broker's effort. Through the diligence of the broker a buyer is produced. Having interested a prospective buyer the broker is entitled to a fair opportunity of making a sale to him upon the terms authorized. That the owner, pending the broker's negotiation, may, in disregard or repudiation of his obligation to respect the broker's right to conclude the transaction, take the matter into his own hands, avail himself of the

broker's effort, close a sale upon satisfactory terms, and yet deny the broker's right of compensation, is a proposition not to be countenanced.

*Goodwin v. Gunter, supra,* has been cited and followed by a host of cases which are too numerous to list in this opinion.

■ The rule in Texas seems to be that a broker who produces or procures a purchaser who is able and willing to buy on the owner's terms is entitled to his commission if completion of the sale is prevented by fault of the owner, or by mutual recision of the contract by the owner and the purchaser. *West Realty & Investment Co. v. Hite,* 283 S.W. 481 (Tex.Comm.App.1926, judgmt. adopted); *Stevens v. Karr,* 119 Tex. 479, 33 S.W.2d 725, 727 (1930); *Stitt v. Royal Park Fashions, Inc.,* 546 S.W.2d 924, 927 (Tex.Civ. App.-Dallas 1977, writ ref'd n.r.e.); *Walters v. Thomas,* 535 S.W.2d 903, 905 (Tex.Civ. App.-Fort Worth 1976, no writ); *Del Andersen & Associates v. Jones,* 531 S.W.2d 417, 418 (Tex.Civ.App.-Eastland) *rev'd on other grounds,* 539 S.W.2d 348 (Tex.1976); *Cooper v. Wildman,* 528 S.W.2d 80, 84 (Tex. Civ.App.-Corpus Christi 1975, no writ); *McPherson v. Osborn,* 475 S.W.2d 804, 807 (Tex.Civ.App.-Amarillo 1971, no writ); *Don Drum Real Estate Co. v. Hudson,* 465 S.W.2d 409, 411 (Tex.Civ.App.-Dallas 1971, no writ); *Clark v. Ingram,* 445 S.W.2d 780, 783 (Tex.Civ.App.-Dallas 1969, writ ref'd n.r.e.); *Lattimore v. George J. Mellina & Co.,* 195 S.W.2d 250, 251 (Tex.Civ.App.-Fort Worth 1946, no writ). See also *Boyles v. Thompson,* 585 S.W.2d 821 (Tex.Civ.App.- Fort Worth 1979, no writ).

It is our view that Dunn was entitled to judgment for the broker's fee as well as the attorney's fee.

Judgment of the trial court is affirmed.