Lula Belle THOMPSON, et al., Appellants,

v.

STARR REALCO, INC., Appellee.

No. 12–81–0071–CV.

Court of Appeals of Texas, Tyler.

March 3, 1983.

Rehearing Denied April 7, 1983.

C. Wayne Holder, Freeport, for appellants.

Ben Blum, Bailey, Blum & Lipper, Houston, for appellee.

McKAY, Justice.

Appellee, Starr Realco, Inc. (Realco), brought suit against Lula Belle Thompson (Thompson), Newton B. Schwartz (Schwartz), G.G. Acker, Trustee (Acker), and Frances Jamison (Jamison), Guardian of the person and estate of Thompson, to recover a real estate commission of $9,000, attorney's fees and pre-judgment and post-judgment interest. The trial court rendered judgment for Realco against Thompson, Jamison and Schwartz for $9,000, plus pre-judgment interest of $2,475 and attorney's fees of $5,380, and costs. Thompson brings this appeal.

In June 1974 Thompson (also known as Lula Belle Smith) as seller and George E. Young, Trustee, as purchaser, entered into three earnest money contracts for sale of land for $300,000. Realco had procured Young as purchaser. After the execution of the earnest money contracts it was discovered that Thompson had conveyed an undivided ten percent interest in the property to Schwartz some ten years earlier. In August 1974 Schwartz added his name as a seller to the three contracts and prior to the

closing conveyed his ten percent interest to G.G. Acker, Trustee. After refusing to convey under the June 1974 contract, Thompson joined with Acker, Trustee for Schwartz, in September 1976 to convey the property by three warranty deeds to Young, Trustee, for $305,550. No commission was paid to Realco on this sale. Realco then brought this suit for its commission, interest and attorney's fees.

In her first three points Thompson contends that the trial court erred in finding that there was no substantial alteration of the June 1974 earnest money contract. Thompson claims that the changes made by Schwartz to the contract constituted a material alteration.

On the first line of the first earnest money contract (Exhibit P3, P3a) Schwartz added "et al" and put his initials above the addition. Schwartz added his signature below that of Thompson on P3 and 3a, and added "8–18–74" by his name. Other than the signature page each page of P3 and P3a bore the initials at the bottom, viz, "LBT," "BEY," and "NBS."

The signatures and the "et al" were the same on exhibits P4, P4a, P5 and P5a, but there was added to the word "note" wherever it appeared the letter "s," and Schwartz's initials were written where the "s" was added and on the last page. Additionally, Schwartz had interlined his name following that of Lula Belle Thompson after "... said collateral shall be certificates of deposit or obligations of the United States of America purchased and placed in trust for Lula Belle Thompson," thusly: "& Newton B. Schwartz as interests appear NBS."

The date June 27, 1974, was typed on the three contracts. The signature of Schwartz and the changes he made were dated "8–18–74."

Realco maintains that the judgment is correct because Realco found a purchaser who was ready, willing and able to purchase, and who did purchase the property which was the subject of the three earnest money contracts, and that the trial court did not err in finding no material alteration

of the three earnest money contracts which would deprive Realco of its right to a real estate commission due under said contracts. Realco further contends that Thompson ratified any alterations of the earnest money contracts and that she is estopped to deny Realco's claim for commission by closing the sale of the property and accepting the benefits.

■ It is our view that the result of this appeal does not depend upon whether the additions to the earnest money contracts made by Schwartz constituted a material alteration of these contracts. The record reveals that the instruments Thompson signed provided "Seller agrees to pay to Starr Realco, Inc., (½) and Adler Realty (½), Agent, a commission of six percent for the sale of the above described property upon final consummation." The evidence also shows that after Thompson learned that Schwartz had also signed as a seller she refused to honor the contracts even though Realco had found a purchaser who was ready, willing and able to buy at the price and upon the specified terms in the broker's contract, and which purchaser later did buy the property from Thompson at a slightly higher price. Schwartz's trustee was also a seller on the same instrument with Thompson some two years after the date of the earnest money contracts when the property was sold to Young, the same buyer procured by Realco.

In the old case of *Stevens v. Karr,* 119 Tex. 479, 33 S.W.2d 725, 727 (Tex.1930), the court said:

With reference to the rights of a broker to recover a commission from either the seller or purchaser for services rendered, the following rules are well established:

(1) "A commission ordinarily becomes payable on completion of the transaction which the broker was employed to negotiate, unless there is a stipulation in the contract of employment to the contrary. *If by the contract of employment the broker is merely to find a customer who is able, ready, and willing to enter into a*

*transaction with the principal on the terms prescribed by him, the broker is entitled to compensation on performing that service, whether or not the principal completes the transaction.* Thus a broker employed to find a purchaser or a vendor or to exchange lands ordinarily becomes entitled to a commission on the execution of a contract of purchase or sale or exchange, although without any fault on the part of the broker the contract is never carried out, unless there is a stipulation, express or implied, making his right to compensation depend on the performance of the contract or the happening of some other event." (Emphasis added.)

This court said in *Kelley v. Dunn,* 620 S.W.2d 825, 829 (Tex.Civ.App.—Tyler 1981, no writ):

The rule in Texas seems to be that a broker who produces or procures a purchaser who is able and willing to buy on the owner's terms is entitled to his commission if completion of the sale is prevented by fault of the owner, or by mutual recision of the contract by the owner and the purchaser. (Citing cases.)

If it could be said that the writing of Schwartz on the earnest money contracts was a material alteration (which we do not hold), Thompson ratified said contracts as altered by further negotiations and consummation of the transaction with the same purchaser who was a party to the contracts, and she received an additional consideration. We are also of the opinion that Thompson is estopped from denying liability upon what she claims to be an altered instrument because, with knowledge of the so-called altered instrument, she accepted the benefits by making a sale of the property upon the same terms and with Schwartz's trustee as a co-seller, and with an added consideration. *Spin-Line Company, Inc. v. United Concrete Pipe Corporation,* 420 S.W.2d 744, 754 (Tex.Civ.App.—Dallas 1967), aff'd in part, reversed on other grounds, 430 S.W.2d 360 (Tex.1968). Points one through three are overruled.

■ Thompson complains by points four through seven that the trial court erred in admitting exhibits 3, 3a, 4, 4a, 5, 5a, 6, 7 and 8. These exhibits were copies of earnest money contracts and deeds of conveyance from Thompson and Acker (Schwartz's trustee) to Young. We hold the trial court did not commit error in admitting these exhibits. If such exhibits did contain incompetent evidence, a reversal is not generally required when there was competent evidence to authorize the rendition of the judgment. *Gillespie v. Gillespie,* 644 S.W.2d 449 (1982); *Merrell v. Merrell,* 527 S.W.2d 250, 254 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.). In addition, Thompson had been put on notice by Realco's pleading to produce the original instruments or secondary evidence would be used; the originals were not produced.

■ There was no request for findings of fact and conclusions of law, and none were filed. Where findings and conclusions are not requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld upon any theory that is supported by the evidence, *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex.1977), and the trial court's judgment must be viewed as impliedly finding all necessary facts in support of its judgment. *Buchanan v. Byrd,* 519 S.W.2d 841, 842 (Tex.1975). "[I]t is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature." *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609, 613 (Tex. 1951). Points four through seven are overruled.

The contentions advanced by appellant in points eight through twelve and fifteen are adequately answered by our holding that Thompson ratified said contracts and is estopped to deny liability thereunder. We deem any further discussion of said contentions unnecessary. These points are overruled.

■ In points thirteen and fourteen Thompson complains the trial court erred in awarding attorney's fees to appellee. She contends first that there was no evidence of

a demand therefor under Tex.Rev.Civ.Stat. Ann. art. 2226. The record reflects, however, that Thompson, in her answers to Realco's request for admissions, admitted that Realco was not paid a commission on the sale. The request for admissions and answers thereto were admitted into evidence at trial. In *Welch v. Gammage*, 545 S.W.2d 223, 226 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.), it was held in a real estate broker's commission case that the request for admissions and answers thereto satisfies the presentment of claim requirement of art. 2226. Point thirteen is overruled.

Secondly, Thompson contends that the award exceeded the amount prayed for in appellee's petition. The amount alleged as reasonable attorney's fees and prayed for in the petition was $4,000, whereas the judgment awarded attorney's fees of $5,380. The record reflects that, towards the end of the trial, Thompson stipulated to both the amount and the reasonableness of the $5,380 fee, and made no objection to the admission into evidence of appellee's exhibit detailing the work done up to and including trial. Upon review of the entire record, we find that the contention now made was not called to the trial court's attention in any manner at any stage of the proceedings.

In our opinion, the decision in *Wm. S. Baker, Inc. v. Sims*, 589 S.W.2d 492, 493 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.) is dispositive of this point. The court there recognized the general rule that a judgment cannot be awarded for an amount greater than the amount pleaded, but went on to hold that this matter may be waived where it is not presented to the trial judge by motion or objection requiring a ruling upon which to complain on appeal. We therefore hold that Thompson, having stipulated to the reasonableness of the amount ultimately awarded, and having failed to present this contention to the trial court by motion to limit the judgment to the amount pleaded, exception to the amount of the judgment, or motion for new trial has waived this complaint on appeal. *Wm. S. Baker, supra.* "This rule, based on a sound

administration of justice, gives the trial judge an opportunity to review his decisions and correct errors without resort to the appellate process." *Landscape Design v. Harold Thomas Excavating,* 604 S.W.2d 374, 378 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.). Point fourteen is overruled.

Lastly, appellant complains the trial court erred in rendering judgment against Frances Jamison individually. Jamison was Guardian of the Estate of Thompson. The judgment itself decrees that plaintiffs recover from "Defendants, LULA BELLE THOMPSON, also known as Lula Belle Smith, and her Guardian, FRANCES E. JAMISON ...." Appellee concedes in its brief that judgment was sought against Jamison solely in her representative capacity, and we construe the judgment here as granting relief against Jamison in her representative capacity only. We perceive no error and overrule this point.

Judgment of the trial court is affirmed.