**Gloria STILES d/b/a Gloria Stiles Realtors, Appellant,**

v.

**Carl R. DeANGELO and Theresa P. DeAngelo, Appellees.**

No. 2–85–172–CV.

Court of Appeals of Texas, Fort Worth.

April 2, 1986.

Richard T. Churchill, Fort Worth, for appellant.

Bankston & Lobingier and John R. Bankston, Fort Worth, for appellees.

Before FENDER, C.J., and ASHWORTH and HOPKINS, JJ.

## OPINION

HOPKINS, Justice.

This is an appeal from a summary judgment entered on motion of appellees, DeAngelos, awarding appellant, Stiles, real estate commission in the amount of $250, representing one-half the earnest money deposit forfeited by the buyer, Earp.

Judgment is reversed and the cause is remanded.

On or about August 6, 1981, Stiles, as realtor, and the DeAngelos, as owners of certain real estate, signed a real estate listing contract wherein the DeAngelos listed their property for sale with Stiles for a period of 90 days. The sale price was specified as $65,900 and contained the following provision:

> Owner agrees to pay to Realtor at Fort Worth, Texas, a commission equal to 6% of the selling price, which commission is the negotiated value of Realtor's services, in the event that within the exclusive listing period or any extension thereof:
>
> (1) Realtor or any cooperating agent procures a purchaser for said price stated ...

On or about August 27, 1981, Stiles, as realtor, the DeAngelos, as sellers, and Burns Earp, as buyer, signed an Earnest Money Contract whereby Earp agreed to buy the DeAngelos' property for $65,900 and the DeAngelos agreed to sell said property to Earp for said price and pay to Stiles a commission of six percent of the sale price "on consummation of this sale or on Seller's default (unless otherwise provided herein)." The closing date was specified in the contract as September 25, 1981. By summary judgment affidavit of a representative of the title company handling the closing, it was established that the buyer,

Earp, appeared at the title company office at the appointed time, signed all papers he was required to sign and deposited with the title company the balance of the total cash purchase price provided for in the contract. The DeAngelos failed to appear for closing.

The original suit was brought by Earp and Stiles as plaintiffs seeking specific performance of the Earnest Money Contract. In the DeAngelos' answer, they asserted a counterclaim against Stiles alleging negligence in representing the DeAngelos and for violation of the Texas Real Estate Dealer's Act. The trial court granted partial summary judgment in favor of Earp for specific performance of the contract of sale, ordering the DeAngelos to complete the transaction on or before March 31, 1982, by executing and delivering a warranty deed conveying their property to Earp. Stiles' motion for summary judgment for her real estate commission was denied and the trial court ordered the title company to hold the commission in escrow until further order of the court. No severance of the actions was requested and none given.

Due to Earp's failure to appear for closing March 31, 1982, the sale was never consummated. The DeAngelos notified Earp's attorney they were electing to accept the $500 deposit as liquidated damages rather than seek specific performance. On February 21, 1985, the DeAngelos filed their second motion for summary judgment against Stiles and on March 22, 1985, Stiles filed her second motion for summary judgment against the DeAngelos. On March 28, 1985, the trial court granted Earp's motion for nonsuit and granted summary judgment restricting Stiles' recovery of her real estate commission to $250, the sum specified in the Earnest Money Contract should the buyer default and the seller elect to receive the $500 earnest money deposit. It is from this summary judgment that Stiles appeals.

Stiles' first point of error alleges there were genuine issues of material facts to be determined by a trial on the merits. We agree.

Where a realtor procures a buyer with whom the seller enters into a binding contract, and failure to consummate the transaction is not due to the fault of the realtor or the buyer, it is no defense to the realtor's suit for a commission that the contract provides the commission is not to be paid until consummation of the sale. Such a clause merely fixes the time for its payment and does not create a condition precedent to liability. *Peters v. Coleman,* 263 S.W.2d 639, 643 (Tex.Civ.App.—Fort Worth 1953, writ ref'd n.r.e.). In the instant case the DeAngelos' obligation to pay Stiles occurred on September 25, 1981, when the buyer performed in full his part of the contract. A realtor who produces or procures a purchaser who is able and willing to buy on the seller's terms is entitled to the commission if completion of the sale is prevented by the seller. *Kelley v. Dunn,* 620 S.W.2d 825, 829 (Tex.Civ.App.—Tyler 1981, no writ). The only reason the transaction was not consummated was the fault of the DeAngelos. The fact the buyer may have later defaulted and the DeAngelos elected to receive the $500 liqui-dated damages rather than insist on specific performance of the contract cannot operate to defeat the DeAngelos' obligation to pay the full commission as provided in the listing agreement. A broker effects a sale and is entitled to a commission if the seller may enforce specific performance of the contract. *Davidson v. Suber,* 553 S.W.2d 430 (Tex.Civ.App.—Austin 1977, no writ). Whether or not the obligation can be defeated through proof of the DeAngelos' counterclaim is a material fact issue to be determined at trial.

Appellant's first point of error is sustained. In light of our holding it is unnecessary for us to consider appellant's remaining points of error.

The judgment is reversed and the cause is remanded for trial on the merits.