In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00062-CV


______________________________




DAVID ROBERTSON, ATTORNEY, Appellant



V.



GREGG COUNTY, CITY OF LONGVIEW, AND


LONGVIEW INDEPENDENT SCHOOL DISTRICT, Appellees



 


On Appeal from the County Court at Law #2


Gregg County, Texas


Trial Court No. 18,387-CCL#2




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 On August 5, 2008, Gregg County, the City of Longview, and the Longview Independent
School District (the "taxing authorities") filed a petition against David Robertson seeking to
foreclose liens on business property and pleading specifically that Robertson had failed to pay his
ad valorem taxes for the 2007 tax year in the amount of $368.89. The petition sought foreclosure
of a lien securing "the total amount of all delinquent taxes, penalties and interest, including taxes,
penalties and interest becoming delinquent during the pendency of this suit, costs of court, attorney's
fees, abstract fees, and expenses of foreclosure sale." Although Robertson filed a written answer to
the petition, he failed to appear at the trial set on March 2, 2009. At trial that day, the taxing
authorities introduced as evidence a schedule of delinquent taxes, penalties, interest, and other costs,
not only for the 2007 tax year, but also for the other tax years between 1998 and 2008, these totaling
some $6,454.11. That day, the trial court entered a $6,503.79 personal default judgment against
Robertson. Two days after trial (March 4), the taxing authorities caused an amended petition to be
filed, this amended petition including a claim for the additional years' unpaid taxes, penalties, and
interest as shown in the schedule of delinquent taxes previously introduced at the time of trial. 

 Robertson filed a timely motion for new trial. However, the sole ground for new trial relief
which he included in that motion was that he was provided "[n]o statutory notice of trial setting." 
On appeal, Robertson raises new and other complaints not contained in his motion for new trial: that
the judgment amount was in error and that the post-judgment amendment of the petition by the
taxing authorities was not proper. Because Robertson failed to preserve these issues for our review,
we determine that the complaints were waived and were not preserved for appeal. Accordingly, we
affirm the trial court's judgment. 

 Although judgment cannot generally be awarded for an amount greater than that raised by
the pleadings, such a matter may be waived if a complaint is not properly preserved. Thompson v.
Starr Realco, Inc., 648 S.W.2d 25, 29 (Tex. App.--Tyler 1983, writ ref'd n.r.e.); Wm. S. Baker, Inc.
v. Sims, 589 S.W.2d 492, 493 (Tex. Civ. App.--Dallas 1979, writ ref'd n.r.e.). "As a prerequisite
to presenting a complaint for appellate review, the record must show that: (1) the complaint was
made to the trial court by a timely request, objection, or motion." Tex. R. App. P. 33.1. Judicial
economy requires that a trial court be accorded the opportunity to correct an alleged error before an
appeal proceeds. In re C.O.S., 988 S.W.2d 760, 765 (Tex. 1999). A motion for new trial, motion
to modify or limit judgment, or exception to the judgment provides the trial court with such an
opportunity. Gerdes v. Kennamer, 155 S.W.3d 523, 532 (Tex. App.--Corpus Christi 2004, pet.
denied); Sims, 598 S.W.2d at 493. 

 Here, although Robertson may well have had valid and sustainable objections to the judgment
which was entered against him, he neither apprised the trial court by a motion for new trial of the
complaints now raised on appeal nor did he take any other steps (such as a motion to amend or
modify the judgment) to otherwise inform the trial court of the nature of the now-complained-of
issues he seeks to raise on appeal. See Hyde-Way, Inc. v. Davis, No. 2-08-313-CV, 2009
WL 2462438, at *10 (Tex. App.--Fort Worth Aug. 13, 2009, no pet. h.) (mem. op.). No attack on
the legal or factual sufficiency of the evidence has been made. As a result, Robertson has waived
his points of error on appeal. Bushell v. Sean, 803 S.W.2d 711, 712 (Tex. 1991); see Borden, Inc.
v. Guerra, 860 S.W.2d 515, 525-26 (Tex. App.--Corpus Christi 1993, writ dism'd by agr.) (even
though undisputed that damage amount exceeded amount pled, appellant failed to preserve error). 
 We affirm the judgment of the trial court. 




 Bailey C. Moseley

 Justice


Date Submitted: September 17, 2009

Date Decided: September 18, 2009




just and right, having regard for the rights of each party and any children of the
marriage. Tex. Fam. Code Ann. § 7.001 (Vernon 1998). Once the marital estate is divided,

 A court may not amend, modify, alter, or change the division of property made or
approved in the decree of divorce or annulment. An order to enforce the division is
limited to an order to assist in the implementation of or to clarify the prior order and
may not alter or change the substantive division of property. 

Tex. Fam. Code Ann. § 9.007(a) (Vernon 1998). An order that amends, modifies, alters, or changes
the division of property made or approved in a final decree of divorce is beyond the trial court's
power and is unenforceable. Tex. Fam. Code Ann. § 9.007(b) (Vernon 1998). If the trial court
finds the original form of the division of property is not specific enough to be enforceable by
contempt, it may render a clarifying order setting forth specific terms to enforce compliance with the
original division of property awarded by the divorce decree. See Tex. Fam. Code Ann. § 9.008
(Vernon 1998).

 Clarifying orders may more precisely specify the manner of carrying out the property division
previously ordered so long as the substantive division of the property is not altered. See McPherren
v. McPherren, 967 S.W.2d 485, 490 (Tex. App.-El Paso 1998, no pet.); Dechon v. Dechon, 909
S.W.2d 950, 956 (Tex. App.-El Paso 1995, no writ). Clarification also requires a finding, express
or implied, that the original form of the division of property lacks sufficient specificity to be enforced
by contempt. Tex. Fam. Code Ann. § 9.008(b); In re Alford, 40 S.W.3d 187, 189 (Tex.
App.-Texarkana 2001, no pet.). If a divorce decree is unambiguous, the court has no authority to
alter or modify the original disposition of property. Haworth v. Haworth, 795 S.W.2d 296, 300
(Tex. App.-Houston [14th Dist.] 1990, no writ).

 We review a trial court's clarifying order for an abuse of discretion. A trial court abuses its
discretion when it acts in an unreasonable and arbitrary manner or without reference to any guiding
rules or principles, Schneider v. Schneider, 5 S.W.3d 925, 929 (Tex. App.-Austin 1999, no pet.),
or erroneously exercises its power by making a choice that was not within the range of choices
permitted the court by law, Reyna v. Reyna, 738 S.W.2d 772, 775 (Tex. App.-Austin 1987, no writ).

 In this case, the final divorce decree and the accompanying QDRO awarded Gloria fifty
percent of the total benefits accrued under the TRS plan as of June 22, 2000. The Clarifying Order,
however, modifies the final divorce decree's distribution of property in such a way that goes beyond
facilitating the distribution of her fifty-percent share of the TRS plan benefits. Under the terms of
the Clarifying Order, should James elect to take a lump sum payment of his accrued benefits under
the TRS plan and subsequently replenish the fund to preserve his annuity, he would be expressly
required to pay Gloria's share to her, in monthly installments, as if those payments were made in the
form of a single life annuity. (1) This is a substantive change to the final divorce decree and is outside
the scope of the trial court's authority.

 The Clarifying Order not only grants Gloria fifty percent of any lump sum payment-an
amount authorized by the final divorce decree-but also grants installment payments from funds
acquired after the divorce. If James, after electing to receive a lump sum payment of his plan
benefits, chooses to resume employment in the educational system and replenish the funds and pay
a reinstatement fee to restore his annuity under the TRS plan, the terms of the Clarifying Order 
entitle Gloria to reimburse James an amount equal to his proportionate share of the redeposited
contributions and the reinstatement fee. Upon Gloria's reimbursement of these amounts, James is
ordered to remit to her monthly payments.

 The divorce is final. To reinstate James' annuity, he must (1) discontinue his employment
and withdraw his retirement benefits, whereup on Gloria would receive her fifty-percent share, and
(2) resume employment in the Texas educational system and redeposit the funds, plus fees. Under
this scenario, these divorced parties would have received their fifty-percent interest in the retirement
account; therefore, any funds used to reestablish this annuity would not be from community property,
but from funds or earnings no longer subject to division. To permit the trial court's "clarification"
of the final divorce decree in this manner is an unauthorized substantive change. 

III. Conclusion

 Since the trial court abused its discretion by substantively changing the final divorce decree's
distribution of property, we reverse and render judgment, setting aside the trial court's Clarifying
Order.




 Jack Carter

 Justice


Date Submitted: August 27, 2003

Date Decided: September 4, 2003





1. The Clarifying Order, in pertinent part, states: 


 13. The following paragraphs of this Order are not intended to be portions of the
Qualified Domestic Relations Order above, but are intended to be additional orders
of the Court related to the Plan nonetheless. . . . .


 14. . . . .

 a. In the event James W. McDonald requests and receives a withdrawal of
accumulated contributions plus (plus accumulated earnings) as of June 22,
2000, plus earnings in accordance with the terms of Plan from June 22, 2000,
in effect denying Gloria C. McDonald any annuity benefits under the Plan,
and subsequently re-deposits the amount withdrawn plus a reinstatement fee
in order to reinstate James W. McDonald's right to receive an annuity, James
W. McDonald shall pay to Gloria C. McDonald a monthly amount equal to
the amount provided in Paragraph 5 et seq. above, under the same terms and
conditions as if those payments were made in the form of a single life annuity
by the Plan pursuant to this Order.