

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00062-CV
_____


DAVID ROBERTSON, ATTORNEY, Appellant

V.

GREGG COUNTY, CITY OF LONGVIEW, AND
LONGVIEW INDEPENDENT SCHOOL DISTRICT, Appellees

On Appeal from the County Court at Law #2
Gregg County, Texas
Trial Court No. 18,387-CCL#2

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

On August 5, 2008, Gregg County, the City of Longview, and the Longview Independent School District (the "taxing authorities") filed a petition against David Robertson seeking to foreclose liens on business property and pleading specifically that Robertson had failed to pay his ad valorem taxes for the 2007 tax year in the amount of $368.89. The petition sought foreclosure of a lien securing "the total amount of all delinquent taxes, penalties and interest, including taxes, penalties and interest becoming delinquent during the pendency of this suit, costs of court, attorney's fees, abstract fees, and expenses of foreclosure sale." Although Robertson filed a written answer to the petition, he failed to appear at the trial set on March 2, 2009. At trial that day, the taxing authorities introduced as evidence a schedule of delinquent taxes, penalties, interest, and other costs, not only for the 2007 tax year, but also for the other tax years between 1998 and 2008, these totaling some $6,454.11. That day, the trial court entered a $6,503.79 personal default judgment against Robertson. Two days after trial (March 4), the taxing authorities caused an amended petition to be filed, this amended petition including a claim for the additional years' unpaid taxes, penalties, and interest as shown in the schedule of delinquent taxes previously introduced at the time of trial.

Robertson filed a timely motion for new trial. However, the sole ground for new trial relief which he included in that motion was that he was provided "[n]o statutory notice of trial setting." On appeal, Robertson raises new and other complaints not contained in his motion for new trial: that the judgment amount was in error and that the post-judgment amendment of the petition by the

2

taxing authorities was not proper.  Because Robertson failed to preserve these issues for our review, we determine that the complaints were waived and were not preserved for appeal.  Accordingly, we affirm the trial court's judgment.

Although judgment cannot generally be awarded for an amount greater than that raised by the pleadings, such a matter may be waived if a complaint is not properly preserved.  *Thompson v. Starr Realco, Inc.*, 648 S.W.2d 25, 29 (Tex. App.—Tyler 1983, writ ref'd n.r.e.); *Wm. S. Baker, Inc. v. Sims*, 589 S.W.2d 492, 493 (Tex. Civ. App.—Dallas 1979, writ ref'd n.r.e.).  "As a prerequisite to presenting a complaint for appellate review, the record must show that:  (1) the complaint was made to the trial court by a timely request, objection, or motion."  TEX. R. APP. P. 33.1.  Judicial economy requires that a trial court be accorded  the opportunity to correct an alleged error before an appeal proceeds.  *In re C.O.S.*, 988 S.W.2d 760, 765 (Tex. 1999).  A motion for new trial, motion to modify or limit judgment, or exception to the judgment provides the trial court with such an opportunity.  *Gerdes v. Kennamer*, 155 S.W.3d 523, 532 (Tex. App.—Corpus Christi 2004, pet. denied); *Sims*, 598 S.W.2d at 493.

Here, although Robertson may well have had valid and sustainable objections to the judgment which was entered against him, he neither apprised the trial court by a motion for new trial of the complaints now raised on appeal nor did he take any other steps (such as a motion to amend or modify the judgment) to otherwise inform the trial court of the nature of the now-complained-of issues he seeks to raise on appeal.  *See Hyde-Way, Inc. v. Davis*, No. 2-08-313-CV, 2009

3

WL 2462438, at *10 (Tex. App.—Fort Worth Aug. 13, 2009, no pet. h.) (mem. op.). No attack on the legal or factual sufficiency of the evidence has been made. As a result, Robertson has waived his points of error on appeal. *Bushell v. Sean*, 803 S.W.2d 711, 712 (Tex. 1991); *see Borden, Inc. v. Guerra*, 860 S.W.2d 515, 525–26 (Tex. App.—Corpus Christi 1993, writ dism'd by agr.) (even though undisputed that damage amount exceeded amount pled, appellant failed to preserve error).

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:     September 17, 2009
Date Decided:       September 18, 2009

4