Zollie STEAKLEY, Secretary of State,
Appellant,

v.

A. L. BRADEN et al., Appellees.

No. 10636.

Court of Civil Appeals of Texas.

Austin.

March 11, 1959.

Rehearing Denied April 1, 1959.

Will Wilson, Atty. Gen., Richard A. Wells, C. Dean Davis, Asst. Attys. Gen., for appellant.

Dodson, Duke, Branch & Davis, San Antonio, for appellee.

HUGHES, Justice.

Appellees A. L. Braden, R. M. Kendrick and George R. Gaenslen appealed to the District Court of Travis County, 98th Judicial District, from a decision of the Honorable Zollie Steakley, Secretary of State of the State of Texas, in refusing to approve articles of incorporation for Sunset Oil Company, appellees being the proposed incorporators. Such appeal was taken under and is authorized by the provisions of Art. 9.04, Business Corporation Act, Vernon's Ann.Civ.St.[1]

1. "Art. 9.04. Appeals from Secretary of State.
"A. If the Secretary of State shall fail to approve any articles of incorporation, application for certificate of authority to transact business in this State, amendment, merger, consolidation, or dissolution, or any other document required by this Act to be approved by the Secretary of State before the same shall be filed in his office, he shall, within ten days after the delivery thereof to him, give written notice of his disapproval to the person or corporation, domestic or foreign, delivering the same, specifying in such notice the reasons therefor. From such disapproval such person or corporation may appeal to any district court of Travis County by filing with the clerk of such court a petition setting forth a copy of the articles or other document sought to be filed and a copy of the written disapproval thereof by the Secretary of State; whereupon the matter shall be tried de novo by the court, and the court shall either sustain the

Since this controversy pertains solely to the name of the proposed corporation we do not set out the articles of incorporation at length.

Within the time prescribed by Art. 9.04, supra, the Secretary of State notified appellees that the articles of incorporation were defective for the reason assigned (checked) on an accompanying check sheet from which we quote:

"The corporate name is not available because it is too similar to Sunset Oil & Gas Company in Dallas need letter of consent already incorporated."

In further explanation of his refusal to file the proposed articles of incorporation the Secretary of State wrote appellees on April 24, 1958, as follows:

"Re: Sunset Oil Company—Articles of Incorporation.

"This will acknowledge receipt of your letter of April 21, concerning the proposed Articles of Incorporation of the above captioned corporation.

"Article 2.05 A(3) of the Business Corporation Act provides that a corporate name shall not be the same or 'deceptively similar' to that of any existing corporation, but that a name may be similar if written consent is obtained from the existing corporation.

"Our form letter sent to you under date of March 31, indicated an existing corporation by the name of 'Sunset Oil & Gas Company' which we considered so similar that a letter of consent from them would be necessary.

"Since we find no letter of consent from the 'Sunset Oil & Gas Company' included within the papers accompanying the proposed Articles of Incorporation for the captioned corporation,

action of the Secretary of State or direct him to take such action as the court may deem proper.
"B. Appeals from all final orders and judgments entered by the district court

notice is hereby given as provided in Article 9.04 of the Act of the disapproval by the Secretary of State of the proposed Articles of Incorporation and of our refusal to file same for the reason stated above.

"In the event you desire to change the name or obtain a letter of consent, we will promptly file the Articles of Incorporation if they otherwise conform with the provisions of the Business Corporation Act."

No letter of consent was obtained from Sunset Oil & Gas Company, an existing Texas corporation.

Art. 2.05 of the Business Corporation Act provides, in part:

"A. The Corporate name shall conform to the following requirements:

\*　　\*　　\*　　\*　　\*　　\*

"(3) It shall not be the same as, or deceptively similar to, the name of any domestic corporation existing under the laws of this State, or the name of any foreign corporation authorized to transact business in this State, or a name the exclusive right to which is, at the time, reserved in the manner provided in this Act, or the name of a corporation which has in effect a registration of its corporate name as provided in this Act; provided that a name may be similar if written consent is obtained from the existing corporation having the name deemed to be similar or the person, or corporation, for whom the name deemed to be similar is reserved in the office of the Secretary of State."

The validity of the action of the Secretary of State in refusing to file the proposed articles of incorporation for Sunset Oil Company depends upon the proper ap-

under this Article in review of any ruling or decision of the Secretary of State may be taken as in other civil actions. Acts 1955, 54th Leg., p. 239, ch. 64."

plication of this statute to facts as above related.

The trial court decreed:

"* * * that the name of the proposed corporation, Sunset Oil Company, is not deceptively similar to Sunset Oil & Gas Company and the Secretary of State is hereby enjoined from requiring a written letter of consent from Sunset Oil & Gas Company as a condition for filing the Articles of Incorporation of Sunset Oil Company, and is hereby enjoined from refusing to file the Articles of Incorporation of the proposed corporation, Sunset Oil Company, for the reason that the name is deceptively similar to that of an existing corporation."

Appellees contend that "The language of the statute [Art. 2.05] prohibits the use of similar names only where deception would result. It is not a prohibition against mere similarity."[2]

From this premise they argue that since there was no evidence that the use of the name Sunset Oil Company would result in unfair competition, confusion or deception that there was no basis upon which the Secretary of State could find the name deceptively similar to the name of an existing corporation and hence for his refusal to file the articles of incorporation.

We believe that appellees misconstrue the statute. In our opinion the statute does prohibit the use of similar names by a corporation unless consent from the affected corporation is obtained. We believe that the statute distinguishes between names which are "deceptively similar" and those which are merely "similar".

Appellees concede, and we hold as a matter of law, that the names "Sunset Oil Company" and "Sunset Oil & Gas Company" are similar. They deny, and we have no occasion to consider the question, that such names are deceptively similar.

It is to be noted that the proviso in Sec. 3 of Art. 2.05A does not contain the word "deceptive" nor does it qualify the word "similar" in any manner.

If the word "deceptive" were read into the proviso then the Legislature would have empowered an individual or a single corporation to authorize, by giving consent, the practice of unfair competition, confusion and fraud. We should not attribute such consequences to the Legislature in the absence of mandatory language. There are no legislative words of any character here which give such meaning to this statute and certainly we would imply none.

It is true that there are no express prohibitory words in the statute which deny the right to the use of "similar" names. This, however, is the necessary meaning of the affirmative right to the use of a similar name upon obtaining consent from the corporation having a name deemed to be similar to the proposed name. 39 Tex.Jur. p. 189, Wilde v. Buchanan, Tex.Civ.App., 303 S.W.2d 518, writ ref., N.R.E., Tex., 305 S.W.2d 778; Ex parte Halsted, 147 Tex.Cr.R. 453, 182 S.W.2d 479.

Without the consent required by the statute the implied prohibition against the right of one corporation to adopt a name similar to an existing corporation is fully effective and the names here being similar the Secretary of State correctly refused to file the proposed articles of incorporation.

**2.** They further say in their brief: "As was pointed out above 2.05 A–(3) does not prohibit mere similarity of names; it prohibits only deceptive similarity. Because mere similarity of names is not prohibited and only 'deceptively similar' names are prohibited, for the letter of consent provision of the statute to have any meaning whatsoever it must mean that all similar names, even a name which the Secretary might deem to be 'deceptively similar' to that of an existing corporation, would still be available to an applicant should the applicant obtain a letter of consent from the company whose name is deemed to be similar."

The judgment of the Trial Court is reversed and judgment is here rendered denying appellees any relief by reason of their appeal from the decision of the Secretary of State.