**SOUTHERN COUNTY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Wayne SMITH, Appellee.**

No. 854.

Court of Civil Appeals of Texas, Tyler.

Oct. 30, 1975.

Michael R. McGown, Weller, Wheelus & Green, Beaumont, for appellant.

James A. Doherty, San Augustine, for appellee.

McKAY, Justice.

Appellant, Southern County Mutual Insurance Company, brings this appeal from an order of the district court of San Augustine County overruling its plea of privilege. Appellee, Wayne Smith, has not filed a brief on appeal. Therefore, we may accept as correct the statements contained in appellant's brief relating to the facts and the record. Rule 419, T.R.C.P.; *Gonzales v. Gonzales*, 224 S.W.2d 520 (Tex.Civ.App.—San Antonio, 1949, writ ref'd).

Appellant's brief states that appellee is the insured under a policy of fire insurance issued by appellant covering a mobile home owned by appellee and located in Orange County, Texas. In 1974 the mobile home was destroyed by fire within the terms of the policy, and appellant paid $4,000 to one Louis Nelson who had a first lien on the mobile home. Subsequently, appellee filed this suit in the district court of San Augustine County, the county of appellee's residence, seeking to recover from appellant an additional $800.00 allegedly due under the policy.

Appellant filed a plea of privilege to be sued in Dallas County, the county where its home office and principal place of business is located and, therefore, the county of appellant's residence. Appellee filed a controverting plea alleging solely that venue was maintainable in San Augustine County under sec. 28 of Art. 1995, V.A.T.S. After hearing evidence and argument of counsel, the district court ordered appellant's plea of privilege overruled, and it is from this order that appellant appeals.

Sec. 28 of Art. 1995, V.A.T.S., is as follows:

"No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:

28. Insurance.—Suits against *fire*, marine or inland insurance companies may also be commenced *in any county in which the insured property was situated.* Suits on policies may be brought against any life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company in the county where the home office of such company is located, or in the county where loss has occurred or where the policyholder or beneficiary instituting such suit resides." (emphasis added)

Appellant contends in his first point of error that the district court erred in overruling his plea of privilege because " . . . subdivision 28 does not apply herein because this is a fire loss and the property was not situated in San Augustine County, but in Orange County, and the provisions of subdivision 28 applicable to accident insurance claims do not apply as a matter of law to this fire loss claim." We agree with this contention.

Although not required to do so under Rule 419, T.R.C.P., we have examined the record and have found the evidence to be undisputed that this is a suit on a fire insurance policy on a claim for loss caused by fire. There is no allegation in appellee's

petition or controverting plea and no evidence that appellant is a life, health, or accident insurance company. Further, the evidence is undisputed that the mobile home was destroyed by fire in Orange County, the county where it had been permanently situated.

In our opinion, venue of a suit against a fire insurance company for a fire loss is limited to either the county of a defendant's residence under the general venue rule or in the county where the property was situated at the time it was destroyed by fire under sec. 28. The venue facts which must be pleaded and proved in order to sustain venue under the exception found in the first sentence of sec. 28 relating to suits against fire insurance companies are: (1) that the suit is against a fire insurance company, and (2) that the alleged insured property was situated in the county where the suit is filed. *Commercial Standard Insurance Company v. Caylor*, 333 S.W.2d 161 (Tex.Civ.App.—Austin, 1960, no writ); *McKinney v. Calvert Fire Ins. Co.*, 257 S.W.2d 452 (Tex.Civ.App.—Eastland, 1953, mand. overr.). Exceptions to the venue statute must be strictly construed and clearly established before a defendant can be deprived of the right to be sued in the county of his domicile. *National Life Co. v. Rice*, 140 Tex. 315, 167 S.W.2d 1021 (1943, opinion adopted). Further, under the statutory rule of construction, *expressio unius est exclusio alterius*, it has been held that the express mention or enumeration of one thing or class is tantamount to an express exclusion of all others, *Peterson v. Calvert*, 473 S.W.2d 314 (Tex.Civ.App.—Austin, 1971, writ ref'd); and that a provision limiting a thing to be done in a particular form or manner implies that it shall not be done otherwise. *Steakley v. Braden*, 322 S.W.2d 363 (Tex.Civ.App.—Austin, 1959, writ ref'd, n. r. e.). Therefore, that portion of sec. 28 authorizing venue in the county of the policyholder's residence applies only to suits involving life, health, or accident insurance companies, and not to suits against fire insurance companies on fire loss claims.

We hold as a matter of law, on the record before us, that under sec. 28 of Art. 1995, V.A.T.S., venue in this case cannot be sustained in San Augustine County, the county of appellee's residence.

Our decision of appellant's first point of error renders consideration of appellant's remaining points unnecessary.

The order of the trial court denying appellant's plea of privilege is reversed and the cause is ordered transferred to a district court of Dallas County, Texas.