WM. S. BAKER, INC., and Transamerica Insurance Company, Appellants,

v.

James D. SIMS, d/b/a Simtex Industries, Appellee.

No. 20069.

Court of Civil Appeals of Texas, Dallas.

Sept. 24, 1979.

Rehearing Denied Nov. 1, 1979.

William Woodburn, Woodburn, Sullivan & Hayslett, Dallas, for appellants.

James David Brown, Davenport & Brown, Dallas, for appellee.

Before AKIN, STOREY and HUMPHREYS, JJ.

HUMPHREYS, Justice.

The question presented on this appeal is whether a party may raise for the first time in this court the argument that the judgment does not conform to the pleadings in compliance with Tex.R.Civ. P. 301. Appellants, William S. Baker, Inc., and Transamerica Insurance Company, did not make any objection to the amount of the judgment at trial or move for new trial on the ground that the judgment was in excess of the amount pleaded. We hold that failure to present the question to the trial court in a manner which would require a definite ruling by the court was waiver of the error. Accordingly, we affirm.

This appeal results from a trial after a partial remand on a prior appeal of this case. *See Sims v. William S. Baker, Inc.,* 568 S.W.2d 725 (Tex.Civ.App.-Texarkana 1978, writ ref'd n.r.e.). Predicated upon the mandate on remand, the sole question to be determined was the amount of attorney's fees due appellee's attorney. After testimony from two attorneys that a reasonable fee was $9,224, and testimony from appellants' attorney that a reasonable fee was $5,000, the court rendered judgment for $8,224. Appellants' sole point is that the trial judge erred in rendering judgment for a sum in excess of that plead for in appellee's pleading. In this respect, appellee pleaded for $4,000 as a reasonable attorney's fee.

Appellee contends that appellants did not preserve this point because they did not object to the testimony of amounts over $4,000, or move for new trial on the ground the judgment was in excess of the amount pleaded. Appellants on the other hand, argue that an objection to testimony would have been unnecessary and even improper, and that a new trial was not necessary nor desired. Appellants' position is that under Tex.R.Civ. P. 301 the trial judge could only render judgment for $4,000, the sum pleaded.

■ Appellants cite several cases for the proposition that a judgment cannot be rendered for an amount greater than the amount pleaded. We agree with this proposition, but it has no application here because it is a matter which may be waived. None of the cases cited address the question of whether the error was waived. We hold that appellants had to present this complaint to the trial court by motion to limit the judgment to the amount pleaded, exception to the amount of the judgment, or motion for new trial in order to complain of the trial judge's action on appeal. *See Cobb v. Texas Distributors, Inc.,* 524 S.W.2d 342, 345 (Tex.Civ.App.-Dallas 1975, no writ); *Maas v. Smith,* 502 S.W.2d 175, 177 (Tex.Civ.App.-Austin 1973, writ ref'd n.r.e.). Tex.R.Civ. P. 324 requires a motion for new trial to be filed "in order to present a complaint which has not otherwise been ruled upon." This rule does not distinguish between jury and non-jury trials. Because this matter was not previously called to the trial judge's attention, Rule 324 required appellant to present it in a motion for new trial. Since appellants failed so to do, appellants waived complaint on this ground.

■ Appellants argue, however, that they did present the complaint to the trial court in their cross-examination of appellee's attorney. They assert that it was presented to the trial judge when appellants' attorney asked appellee's attorney if he had only sought $4,000 at the first trial. We cannot agree that this testimony was sufficient to call this complaint to the trial judge's attention. In order to call this matter to the trial judge's attention, a motion or objection requiring a ruling on this point was necessary so as to have a ruling by the trial judge upon which to complain on appeal. Insofar as this record shows, the trial judge has not passed on this question.

■ Appellants also argue that they had no duty to inform appellee of his error and that if they had complained of the error, appellee would have corrected the error by amending his pleadings. This argument is without merit. Tex.R.Civ. P. 1 declares that the objective of the Rules of Civil Procedure is to "obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law."

Affirmed.