ERGON, INC., Appellant,

v.

Honorable David DEAN, Secretary of State, et al., Appellees.

No. 13744.

Court of Appeals of Texas, Austin.

April 6, 1983.

Rehearing Denied April 27, 1983.

Philip F. Patman, Patman & Patman, John Morehead, Daugherty, Kuperman, Golden, Carlisle & Morehead, Austin, for appellant.

Mark White, Atty. Gen., Catherine Fryer, Asst. Atty. Gen., Austin, for David Dean, Secretary of State.

W.F. Countiss, Culton, Morgan, Britain & White, Amarillo, for Ergon Energy Corp.

Before PHILLIPS, C.J., and EARL W. SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

Ergon, Inc., appeals from a judgment in a state-court suit seeking declaratory and injunctive relief. Appellant argues that the Texas Secretary of State should be ordered to revoke his approval of appellee Ergon Energy Corporation's (Ergon Energy) use of its corporate name. Appellant also seeks an order enjoining the Secretary from issuing corporate names similar to that used by appellant Ergon, Inc. In addition, appellant contends that Ergon Energy's use of the term "Ergon" violated the Federal Trademark Act of 1946 (the Lanham Act) 15 U.S.C. §§ 1051–1127 (1966). Declarato-

ry and injunctive relief is sought under that act also.

After submission of the case to the jury, the court granted the Secretary's motion for instructed verdict and rendered judgment in his favor on the state-law claim. As for appellee, Ergon Energy, the jury returned answers to special issues that were favorable to appellant's theories. The court, however, pursuant to Tex.R.Civ.P. Ann. 301 (1977), rendered judgment non obstante veredicto in favor of appellee Ergon Energy on the basis that there was, "no evidence of probative force to sustain the findings of the jury." We will affirm the trial court's judgment in part, and reverse the judgment in part.

Appellant Ergon, Inc., is a Mississippi Corporation acting under a certificate to do business in Texas since 1973. Ergon, Inc., has offices in Houston and Tyler. Since 1975, under federal trademark law, appellant has been the registered owner of the service mark "Ergon."

In 1978 the Texas Secretary of State issued a corporate charter to appellee under the name Nova Energy Corporation. Shortly thereafter this corporate name was changed to Ergon Energy Corporation, through an amendment to the charter. Ergon Energy Corporation, therefore, is a Texas corporation, and its principal office is in Amarillo, Texas.

Subsequent to the trial court's rendition of judgment, Ergon, Inc., filed this appeal, bringing eleven points of error. The first four concern the state-law claim. The remainder deal with the federal-law claim.

### STATE LAW CLAIM

Appellant advances the contentions that the Secretary of State violated Tex.Bus. Corp.Act Ann. art. 2.05 (1980), and that he violated Rule 004.20.02.014 (Rule 14) of his administrative rules regarding corporate name availability. These arguments are necessarily bound up one with the other. In art. 2.05(A)(3) the Legislature directed the Secretary of State to make the determination whether corporate names in Texas are deemed similar. That article provides:

A. The Corporate name shall conform to the following requirements:

\* \* \* \* \* \*

(3) It shall not be the same as, or deceptively similar to, the name of any domestic corporation existing under the laws of this State, or the name of any foreign corporation authorized to transact business in this State, or a name, the exclusive right to which is, at the time, reserved in the manner provided in this Act, or the name of a corporation which has in effect a registration of its corporate name as provided in this Act; provided that a name may be similar if written consent is obtained from the existing corporation having the name *deemed to be similar* or the person, or corporation, for whom the name *deemed to be similar* is reserved in the office of the Secretary of State. [emphasis supplied]

Pursuant to this statutory directive, the Secretary issued rules outlining the factors to be considered when making the determination whether a name is "deemed similar" to another name. Currently, the rules propose three categories of name similarity: (1) same, (2) deceptively similar, and (3) similar requiring letter of consent. 1 Tex. Admin.Code § 79.35. In addition, the rules provide a subcategory that, for want of a better description, we will refer to as "corporate name not 'similar requiring letter of consent.'" 1 Tex.Admin.Code § 79.43(4). A violation of these rules is the functional equivalent of a violation of the statute. *See Texas Liquor Control Board v. Attic Club, Inc.,* 457 S.W.2d 41 (Tex.1970); *Railroad Commission of Texas v. Houston Natural Gas Corp.,* 155 Tex. 502, 289 S.W.2d 559 (Tex.1956). The converse also holds true. The specific trial error alleged by appellant is the court's refusal to submit special issues controlling the state-law theory pleaded by appellant. Texas R.Civ.P.Ann. 279 provides that, "[w]hen the court submits a case upon special issues, he shall submit the controlling issues made by the written pleadings *and the evidence....*" (emphasis supplied)

However, the court is not to submit a pleaded matter which is conclusively established by the evidence. *Sullivan v. Barnett,* 471 S.W.2d 39 (Tex.1971); *Wheeler v. Allstate Insurance Co.,* 592 S.W.2d 2 (Tex.Civ.App.1979, no writ); *Wilson v. Remmel Cattle Co., Inc.,* 542 S.W.2d 938 (Tex.Civ.App.1976, writ ref'd n.r.e.).

█ Appellant argues that the trial court erred in refusing to submit appellant's requested special issue which reads:

[do you find from a preponderance of the evidence] that "Ergon" is a fictitious, fanciful or arbitrary word?

This issue was germane to appellant's pleading in which it charged the Secretary with a violation of his own rules of corporate name availability. The rule alleged to be violated is Rule 14 which, at that time, provided:

§ 79.44 (004.20.02.014). "Similar Requiring Letter of Consent," When.

A proposed corporate name may be deemed "similar requiring a letter of consent" if any of the following conditions exist:

\* \* \* \* \* \*

(3) Names containing a fictitious, fanciful, or arbitrary word may not be available without a letter of consent, although the name might seem to be available under other rules. EXAMPLE: Entex Production Company is not available without a letter of consent from Entex, Inc.

Thus, if the name "Ergon" is fictitious, fanciful, or arbitrary, the Secretary's rules require that he be provided a letter of consent from Ergon, Inc., before he could lawfully issue the name Ergon Energy Corporation to appellee. We must decide, therefore, whether the evidence shows the term "Ergon" to be fictitious, fanciful, or arbitrary. We hold that it does not, and that the trial court did not abuse his discretion in so finding as a matter of law.

The term "Ergon" is a word of Greek origination which, in that language, we understand from the record to mean "energy" or "work." Evidence offered at trial revealed that, in English, the word is a noun and is defined as:

*Physics* a. Work, measured in term of the quantity of heat to which it is equivalent. b. ERG.

This word, though it may have limited application generally, is a commonly used term in the field of physics. In fact, the second dictionary definition, ERG, is a unit of energy. The word "Ergon" is not fictitious; as matter of law it is a real word with a genuine meaning.

In deciding whether the word "Ergon" is fanciful or arbitrary, certain parts of the federal trademark law are instructive. In that context, arbitrary and fanciful terms bear *no relationship* to the product or service with which they are associated. (emphasis supplied) *Soweco, Inc. v. Shell Oil Co.,* 617 F.2d 1178 (5th Cir.1980). We will use that standard in deciding whether the word is fanciful or arbitrary with respect to the Secretary's rules. Accordingly, an examination of the nature of the business conducted by appellee and appellant is required. The record shows that both companies are engaged in businesses related to energy production. Appellant, Ergon, Inc., is a privately-held oil company pursuing several aspects of the oil and gas business. They include the exploration, drilling, development, purchase, transportation, and refining of crude oil and natural gas. Appellee, Ergon Energy Corporation, also engages in oil and gas exploration, development, and production. Clearly, both of these companies are engaged in energy-related endeavors. Therefore, we hold, as a matter of law, that the energy-related term "Ergon" is not fanciful or arbitrary as it is used to refer to these two businesses. Accordingly, the trial court correctly refused appellant's requested special issue and did not err in rendering an instructed verdict in favor of the Secretary of State.

Appellant also contends that the trial court erred in refusing its requested special issue which reads:

PLAINTIFF'S REQUESTED SPECIAL ISSUE NO. ONE

Do you find from a preponderance of the evidence that the names Ergon, Inc. and Ergon Energy Corporation are similar? The court correctly refused this issue.

Appellant's purpose in requesting this special issue lies in its contention that the Secretary erred in issuing the corporate name Ergon Energy Corporation without first requiring that Ergon Energy secure a letter of consent from Ergon, Inc. Once again, the Secretary has published a rule applicable to this situation.

 Rule 004.20.02.017 (Rule 17) of the Secretary's rules on corporate name availability [presently codified as 1 Tex.Admin. Code § 79.43(4)] provides that:

> [i]f the corporate name on file has only one significant word and the proposed corporate name consists of the same word followed by some other significant word, the proposed corporate name is not "similar requiring [a] letter of consent."

The determination whether an agency has properly complied with its own rules presents a question of law. *Brown v. Humble Oil & Refining Co.,* 126 Tex. 296, 83 S.W.2d 935 (Tex.1935). It is well settled that a court should not submit a special issue asking the jury to answer a question of law. *Mobil Chemical Company v. Bell,* 517 S.W.2d 245, 253 (Tex.1974); *Wirtz v. Orr,* 533 S.W.2d 468, 471 (Tex.Civ.App.1976, writ ref'd n.r.e.). Accordingly, it was not error for the court to refuse to submit the special issue. Moreover, the rendition of an instructed verdict on behalf of appellee, Dean, was proper because the Secretary properly followed his own rules on corporate name availability.

As we apply Rule 17 to the facts of this case, the corporate name on file (Ergon, Inc.) had only one significant word (Ergon), and the proposed corporate name (Ergon Energy Corporation) consisted of the same word (Ergon) followed by some other significant word (Energy). Consequently, the proposed corporate name, Ergon Energy Corporation, is not "similar requiring [a] letter of consent."

Appellant argues that *Steakley v. Braden,* 322 S.W.2d 363 (Tex.Civ.App.1959, writ ref'd n.r.e.) should control our disposition of the state-law claim. We disagree.

In *Steakley* the Secretary refused to approve articles of incorporation for Sunset Oil Company because of his previous approval of the name of an existing Texas corporation, Sunset Oil & Gas Company. This Court affirmed the trial court's judgment that the Secretary acted properly in refusing to approve the name without the production of a letter of consent from the existing corporation.

At the time of that decision, the Secretary had promulgated no administrative rules regarding issuance of corporate names. The decision merely stands for the proposition that the two names were "deemed similar requiring a letter of consent." Interestingly enough, under the current rules promulgated by the Secretary, the same result would be reached today.

Under the present rules, the Secretary may deem a corporate name "similar requiring a letter of consent" if:

> (2) The first two or more words of [the] proposed corporate name [e.g. Sunset Oil] are the same as, or deceptively similar to, the first two words of a corporate name on file [e.g. Sunset Oil (& Gas Company)] but are not frequently used in combination.

1 Tex.Admin.Code § 79.43(2). Lest there be any doubt that this rule applies to that situation, the rules supply the following example:

> (B) Example: Sunset Oil Co. would need a letter of consent from Sunset Oil and Gas, Inc.

The decision in *Steakley v. Braden, supra,* is entirely consistent with the result that we reach in this appeal.

The trial court correctly refused the requested special issues and correctly rendered an instructed verdict on behalf of appellee Dean. We overrule appellant's first four points of error.

## FEDERAL LAW CLAIM

In his final seven points of error, appellant argues that the trial court erred in rendering a judgment non obstante veredicto in favor of appellee Ergon Energy. Appellant contends that, based upon jury findings to special issues, it was entitled to declaratory and injunctive relief under federal trademark law. We agree and will reverse the judgment of the trial court in this respect.

The following summary discussion of the Federal Trademark Act of 1946 (the Lanham Act) 15 U.S.C. §§ 1051–1127 (1966) will clarify our disposition of this claim.

Any person who wishes to distinguish his goods or services used in commerce from those offered by others may register his trade mark or service mark with the U.S. Patent and Trademark Office. 15 U.S.C. § 1051. After five consecutive years of continuous use of the mark, the right of the registrant to use the mark becomes incontestable pursuant to § 1065, except that, under § 1065(4) "no incontestable right shall be acquired in a mark which is the *common descriptive name* of an article or substance." (emphasis supplied) *see also* 15 U.S.C. § 1064(c).

Once a registered mark has become incontestable, "the registration shall be *conclusive evidence* of the registrant's exclusive right to use the registered mark in commerce." (emphasis supplied) 15 U.S.C. § 1115(b). An opposing party may, however, contest the mark by establishing any of seven listed defenses. *Id.* The only such

defense applicable to this appeal is what is commonly referred to as the "fair use" defense. This statutory defense provides, "that the use of the name, term, or device charged to be an infringement is a use, *otherwise than as a trade or service mark* . . . of a term or device which is descriptive of and used fairly and in good faith only to describe to users the goods or services of such party." [emphasis supplied] 15 U.S.C. § 1115(b)(4).[1]

A line of federal cases once held that incontestability could be used defensively— as a shield, when the validity of a mark had been called into question—but not offensively when the holder of the mark was pursuing an infringement violation. This rule originated, apparently, in the Seventh Circuit and is best stated in *John Morrell & Co. v. Reliable Packing Co.,* 295 F.2d 314 (7th Cir.1961). The view, of late, however, has fallen into disfavor in the federal system, *see Union Carbide Corp. v. Ever-Ready, Inc.,* 531 F.2d 366 (7th Cir.1976) (overruling *John Morrell & Co. v. Reliable Packing Co., supra);* cf. *Burger King of Florida, Inc. v. Hoots,* 403 F.2d 904 (7th Cir.1968), and the better rule appears to be that incontestability is an offensive as well as defensive theory. *See Soweco, Inc. v. Shell Oil Co., supra.*

We turn now to appellant's specific contentions. The trial court's judgment was premised upon his finding that there was no evidence to support the jury's answers to the three special issues that we have set out in the margin.[2] We agree with

---

1. This portion of our opinion borrows, in part, from Judge Skinner's excellent discussion of the Lanham Act in *Park 'N Fly, Inc. v. Park & Fly, Inc.,* 489 F.Supp. 422 (D.Mass.1979).

2. SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that the use of the term "Ergon" is descriptive of energy and work and used fairly and in good faith only to describe to users the goods or services of Ergon Energy Corporation?

Answer: "We do" or "We do not."

Answer: "We do not."

\* \* \* \* \* \*

SPECIAL ISSUE NO. 3

Do you find from a preponderance of the evidence that ERGON ENERGY CORPORATION has used in commerce, without the consent of ERGON, INC., a reproduction or colorable imitation of any of ERGON, INC.'s registered trademarks or service marks in connection with the sale, offering for sale, or advertising of any goods or services sold by ERGON ENERGY CORPORATION?

Answer: "We do" or "We do not."

Answer: "We do."

[Instructions Omitted]

SPECIAL ISSUE NO. 4

Do you find from an preponderance of the evidence that ERGON ENERGY CORPORATION used a colorable imitation of a trademark or service mark of ERGON, INC.'s in connec-

appellant that there is evidence from which a reasonable trier of fact could have concluded as did the jury. The Lanham Act provides that:

(1) Any person who shall, without the consent of the registrant,

(a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution or advertising of any goods or services on or in connection with which such use is *likely to cause confusion,* or to cause mistake or to deceive . . .

shall be liable in a civil action by the registrant for the remedies hereinafter provided. [emphasis supplied]

15 U.S.C. § 1114. Appellee argues that there is no evidence to support the jury's answer to special issue no. 3 because appellant had no knowledge of appellee's use of a reproduction or colorable imitation of appellant's service mark. We note that no such scienter requirement is provided in the statute. Moreover, there is evidence from which the jury could have found that appellee used the term "Ergon" in connection with the sale, offering for sale, or advertising of any goods or services sold by Ergon Energy. As an example, Ergon Energy's corporate secretary testified:

[w]ell, to the best of my knowledge, all of our dealings with other people, other than purchasing the Sears-Hawk acreage, was under the name Ergon.

He also stated that the first drilling permit staked by appellee was in the name Ergon Energy Corporation. This testimony alone was sufficient to support the jury's answer to special issue no. 3.

■ Appellee also disputes the trial court's determination that there is no evidence to support the jury's answer to special issue no. 4. By its affirmative answer to this issue, the jury found, in effect, that Ergon Energy Corporation used a colorable imitation of the trademark or service mark

"Ergon, Inc.," which use was *likely to cause confusion,* or mistake or deceive one of Ergon, Inc.'s purchasers as to the source or origin of such goods or services. Appellee argues that appellant's failure to present evidence of *actual confusion* by its purchasers requires a negative answer to special issue No. 4. We disagree. "Trademark infringement occurs only when the use sought to be enjoined is *likely to confuse* purchasers with respect to such things as the product's source, its endorsement by the plaintiff, or its connection with the plaintiff." (emphasis supplied) *Kentucky Fried Chicken v. Diversified Packaging,* 549 F.2d 368, 388 (5th Cir.1977); *World Carpets, Inc. v. Dick Littrell's New World Carpets,* 438 F.2d 482, 488 (5th Cir.1971). Although proof of actual confusion is strong proof that likelihood of confusion exists, proof of actual confusion is not strictly required. *Soweco, Inc. v. Shell Oil Co., supra; World Carpets, Inc. v. Dick Littrell's New World Carpets, supra.*

■ Moreover, likelihood of confusion may be determined through an evaluation of a variety of factors, including the type of trademark (or service mark) at issue; similarity of design; similarity of product (or service); identity of retail outlets and purchasers; identity of advertising media utilized; defendant's intent; and actual confusion.. *Amstar Corp. v. Domino's Pizza, Inc.,* 615 F.2d 252, 258–259 (5th Cir.1980); *Roto-Rooter Corp. v. O'Neal,* 513 F.2d 44, 45 (5th Cir.1975). Finally, the existence of a likelihood of confusion is a question of fact, *Amstar Corp. v. Domino's Pizza, Inc., supra; Boston Pro Hockey Ass'n v. Dallas Cap & Emblem Manufacturing, Inc.,* 510 F.2d 1004, 1012 (5th Cir.1975); we will not disturb the determination if there is any evidence of probative force to support it.

In this appeal, the contested service marks are virtually identical, as are the services rendered by the parties. Moreover, although there is no evidence in this record

tion with which such use is likely to cause confusion or mistake or to deceive ERGON, INC.'s purchasers as to the source or origin of such goods or services?

Answer: "We do" or "We do not."
Answer: "We do"
[Instructions Omitted]

of actual confusion of purchasers, there is probative evidence of actual confusion by other third-party non-purchasers. While the evidence of likelihood of confusion is not as strong as appellants might desire, we cannot say that there is no probative evidence to support the jury's answer to the likelihood of confusion special issue. The trial court, therefore, erred in concluding that there was no evidence to support the jury's answer to special issue no. 4.

Because of our disposition of this question, we need not discuss whether the trial court erred in refusing to admit into evidence a document that purportedly contained evidence of actual confusion by appellant's purchasers.

The final question before us is whether the trial court erred in rendering a judgment non obstante veredicto in favor of appellee after concluding that there was no evidence to support the jury's answer to special issue no. 1. That issue placed before the jury appellee's affirmative defense of "fair use." This defense provides that, as against the trademark owner, the user of the word may assert the defense that his use, challenged as an infringement, is a use, otherwise than as a trademark, of a term which is descriptive of, and fairly used in good faith solely to describe his goods or their geographic origin. *Abercrombie & Fitch Co. v. Hunting World, Inc.,* 537 F.2d 4, 12 (2d Cir.1976). The defendant (appellee) has the burden of establishing the validity of this defense. *Philip Morris, Inc. v. Imperial Tobacco Co., Ltd.,* 251 F.Supp. 362, 379 (E.D.Va.1965), aff'd, 401 F.2d 179 (4th Cir.1968), *cert. denied,* 393 U.S. 1094, 89 S.Ct. 875, 21 L.Ed.2d 784 (1969). There are two reasons why the trial court erred in rendering judgment in favor of appellees.

First, appellees had the burden of proving by a preponderance of the evidence that it had "fairly used" appellant's service mark "Ergon." The jury failed to find that it had. The basis upon which the trial court disregarded the jury's answer to this special issue was that there was no evidence to support it. This was error as a matter of law.

In general, a judgment non obstante veredicto will be upheld on appeal when a directed verdict would have been sustained. *Brownsville & Matamoros Bridge Co. v. Null,* 578 S.W.2d 774 (Tex.Civ.App. 1978, writ ref'd n.r.e.). In this appeal, a directed verdict in favor of appellee would have been improvidently granted.

A negative answer to a special issue, when properly interpreted, amounts to nothing more than a failure or a refusal by the jury to find (from a preponderance of the evidence) the facts sought to be carried by the proponent. *Visage v. Marshall,* 632 S.W.2d 667 (Tex.App.1982, no writ); *Bell v. Buddies Super-Market,* 516 S.W.2d 447 (Tex.Civ.App.1974, writ ref'd n.r.e.); *Smith v. Safeway Stores, Inc.,* 433 S.W.2d 217 (Tex.Civ.App.1968, writ ref'd n.r.e.). This means, in law, that appellee/defendant Ergon Energy failed to sustain the burden of proving its affirmative defense. *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191 (Tex.1966). The following language from *Smith v. Safeway Stores, Inc., supra,* is analogous:

[i]n situations such as this where a jury returns a negative answer to an issue upon which the proponent has the burden of proof, the jury's negative answer need not be supported by affirmative evidence. Therefore it avails the [appellee/defendant] nothing to assert that a negative answer is without support in the evidence . . . . Under these circumstances, the [appellee/defendant] is placed in the position of having to contend that the evidence establishes [his defense] as a matter of law.

*Accord, Ross v. Sher,* 483 S.W.2d 297 (Tex. Civ.App.1972, writ ref'd n.r.e.). No such contention was made by appellee in its motion for judgment non obstante veredicto, nor did the trial court so find in his judgment non obstante veredicto. Accordingly, it was error to render the judgment based upon the ground stated by the trial court.

In this case, had the court determined that appellee's fair use defense was conclusively established as a matter of law, the

proper ground to support the judgment would have been that the issue (and the jury's answer thereto) was immaterial. "A jury's answer to a special issue may be disregarded *only* when it has no support in the evidence or when the issue is immaterial." (emphasis supplied) *C. & R. Transport v. Campbell, supra* at 194; Tex.R.Civ.P. Ann. 301 (1977).

We sustain appellant's contention in this respect because the trial court used an inappropriate standard as the basis for disregarding the jury's answer to special issue no. 1.

The court's error, however, was compounded by the fact that, as a matter of law, appellee was not entitled to an affirmative submission of its fair use defense. We refer once again to the wording of the Lanham Act. In this case, to be entitled to prevail, appellee was bound to show that its:

> use of the name, term, or device charged to be an infringement is a use *otherwise than as a trade or service mark* ... of a term or device which is descriptive of and used fairly and in good faith only to describe to users the goods or services of such party, or their geographic origin. [emphasis supplied]

15 U.S.C. § 1115(b)(4).

In this appeal, it is undisputed that appellee was attempting to use the term "Ergon" as its "trade or service mark." *See and compare Venetianaire Corp. of America v. A & P Import,* 429 F.2d 1079 (2d Cir.1970) (where defendant used the term "Hygienic" in connection with the sale of its goods, "a trademark use was both effected and intended.") It is clear and undisputed that appellee used the term "Ergon" as a symbol to attract public attention," *Venetianaire Corp. of America v. A & P Import, supra,* at 1082. *Accord, Salton, Inc. v. Cornwall Corp.,* 477 F.Supp. 975, 988 (D.N.J.1979). The trial court erred in rendering judgment non obstante veredicto based upon a defense unavailable to appellee.

■ Where on appeal an appellate court determines that a judgment non obstante veredicto was erroneously entered, it should reverse the judgment of the trial court and enter judgment in harmony with the verdict, unless the appellee presents, by cross-points, grounds sufficient to vitiate the jury's verdict or to prevent an affirmance of the judgment had one been entered on the verdict. *Billings v. Atkinson,* 489 S.W.2d 858 (Tex.1973); *Jackson v. Ewton,* 411 S.W.2d 715 (Tex.1967); *LeMaster v. Fort Worth Transit Co.,* 138 Tex. 512, 160 S.W.2d 224 (Tex.1942).

Appellee Ergon Energy has filed no cross-points of error in this appeal; therefore, we reverse the judgment of the trial court which rendered judgment in its favor and here render judgment that Ergon, Inc., possesses the exclusive right under the Lanham Act to the use of the mark "Ergon." Ergon Energy Corporation is hereby enjoined from using the word "Ergon" as a mark with respect to any of its business activities, goods, or services. Tex.R.Civ.P. Ann. 434 (Supp.1983).

The judgment of the trial court with respect to appellee, David Dean, is in all respects affirmed.