**Neva Ann ASBURY, Appellant,**

v.

**The TEXAS STATE BOARD OF PUBLIC ACCOUNTANCY, Appellee.**

**No. 14651.**

Court of Appeals of Texas,
Austin.

Nov. 19, 1986.

Richard Levy, Daves, Hahn & Levy, Austin, for appellant.

Jim Mattox, Atty. Gen., Brooks W. Conover, III, Asst. Atty. Gen., Austin, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

GAMMAGE, Justice.

Neva Ann Asbury appeals from judgment of the district court affirming the administrative order of the Texas State Board of Public Accountancy ("Board") suspending for three years Asbury's license to practice as a certified public accountant (CPA). We will reverse the trial court's judgment.

Asbury received her CPA license in 1964 and has since practiced as a CPA in the Houston area. In 1983 and 1984, Asbury was served with various Notices to Appear and Notices of Hearing in reference to three complaints brought against her by the Board. The first complaint alleged that Asbury had disclosed confidential information and had failed to return a client's records upon request. The second complaint alleged that Asbury failed to respond within thirty days to a certified letter sent by the Board. The third complaint concerned Asbury's conduct in performing an audit. The Board's First Amended Complaint and Notice of Hearing alleged, in addition, that Asbury had submitted fraudulent information on her license-renewal form.

On July 10, 1984, Asbury appeared for the hearing represented by counsel. Before the hearing began, Asbury's attorney attempted to negotiate a settlement with William Sansing, attorney for the enforcement division of the agency. At that time, Sansing indicated that Asbury was subject to criminal prosecution for "perjury" and could be imprisoned for two to ten years for altering her birthdate on her license-renewal form. Asbury testified [1] in the district court that she was stunned and frightened by the prospect of criminal prosecution and, consequently, agreed to sign a settlement agreement whereby her CPA license would be suspended for a period of three years. The agreement contained additional provisions which are not relevant to this appeal.

The settlement agreement was reduced to writing in a document entitled "Agreed Disposition of Notice of Public Hearing." Asbury and her attorney testified in the district court that the parties had specifically agreed that the agreement would not constitute an admission of guilt. Sansing testified in response to questioning only that such was "not [his] recollection," and that "I stated to the board that I desired to

preserve my opportunity to present a prima facie case *in support of that agreed disposition.*" (emphasis added). The agreement was then presented to a three-member panel of the Board for approval. The panel examined Asbury solely regarding the range of activities she would be allowed to pursue during the effective period of the suspension. The issue of guilt was not addressed by Asbury or the Board. After this examination, the chairman of the panel announced the panel's approval of the proposal and said that "after the requisite record ha[d] been established," the panel would recommend acceptance of the proposal to the Board.

At this point, evidence in support of the Board's allegations was introduced without objection, Asbury's attorney stating during the presentation:

> I agree the exhibits may be marked, your honor, and placed in evidence *in accordance with our prior agreement* to submit this matter to the Board's approval for recommendation. Since the Board has indicated their [sic] approval of those recommendations *we have no evidentiary contest or adversary position* to take with those exhibits. (emphasis added)

The panel then prepared a Proposal for Decision which contained findings of fact and conclusions of law. Asbury never signed this Proposal.

Subsequent to the July 10, 1984 meeting, Asbury decided to withdraw from the Agreed Disposition. Acting *pro se*, she filed the following motions: Motion to Withdraw Agreed Disposition of Public Hearing; Motion to Appear Before Board Hearing, with affidavits supporting her contention that the Agreed Disposition was inappropriate; and Respondent's Exceptions to Proposal for Decision outlining her objections to the findings and conclusions of the Board.

---

1. Asbury obtained leave of court, pursuant to Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19(d)(2) (Supp.1986), to present additional evidence of procedural irregularities which occurred during the administrative proceedings. The Board apparently declined to modify its findings and decision by reason of the additional evidence as allowed by that provision.

On September 27 and 28, 1984, Asbury appeared *pro se* and presented the above motions before the full Board. Her Motion to Appear Before Board Hearing was characterized by the Board as a Motion to Reopen the Evidence based on newly discovered evidence. This motion was denied by the Board on September 27th. On September 28th, Asbury's Motion to Withdraw Agreed Disposition of Public Hearing was denied on the basis that the Board had already decided there was no new evidence to be considered. The Board then unanimously approved the panel's Proposal for Decision.

Asbury timely filed a Motion for Rehearing which was overruled by operation of law. She then filed suit in Travis County district court which, after hearing, affirmed the Board's Order.

Asbury contends the district court's judgment should be reversed because the administrative agency failed to comply with the procedures contained in Tex.Rev.Civ. Stat.Ann. art. 6252–13a (Supp.1986) (Administrative Procedure and Texas Register Act), Tex.Rev.Civ.Stat.Ann. art. 41a–1 (Supp.1986) (Public Accountancy Act of 1979), and 22 Tex.Admin.Code § 519.27 (1985). We agree.

The Public Accountancy Act of 1979, *supra*, provides:

> Sec. 21(b). After notice and hearing as provided in Section 22 of this Act, the board [Texas State Board of Public Accountancy] may revoke or may suspend for a period not to exceed five years any certificate issued under this or any prior Acts or any registration granted under this or any prior Acts or may revoke, suspend, or refuse to renew any license issued under Sections 9 or 13 of this Act or may reprimand the holder of such license for any one or more of the following causes: ...
>
> \*   \*   \*   \*   \*   \*
>
> Sec. 22(b)(2). At any hearing the accused may appear in person and by counsel, produce evidence and witnesses on his own behalf, cross-examine witnesses,

and examine such evidence as may be produced against him....

\*   \*   \*   \*   \*   \*

Sec. 27. The board is subject to the open meetings law ... and the Administrative Procedure and Texas Register Act, as amended (Article 6252–13a, Vernon's Texas Civil Statutes).

Under the Administrative Procedure and Texas Register Act (APTRA), *supra*, the Board must follow one of two procedures before it may exercise its disciplinary powers. It must provide the accused with a full contested evidentiary hearing, *or* it may enter an informal disposition of contested cases "by stipulation, agreed settlement, consent order, or default." APTRA at § 13(d), (e).

In order for an informal disposition to be valid, a proposal for decision must be prepared and approved by the Board. "The proposal for decision shall contain agreed findings of fact and conclusions of law, and *shall be signed by all parties thereto.*" (emphasis added). 22 Tex.Admin.Code §§ 519.26(d) and 519.27(d)(3) (1985). This regulation implicitly provides that a party may withdraw from a settlement agreement at any time prior to signing the proposal for decision and thereby prevent the Board from entering an informal disposition. The agency is bound to act in accordance with this regulation because it is the functional equivalent of a statute. *Ergon, Inc. v. Dean,* 649 S.W.2d 772, 774 (Tex.App.1983, no writ). The Board concedes that its action was invalid *as an informal disposition.*

The Board argues instead that Asbury received a contested evidentiary hearing. We disagree. APTRA mandates that "[o]pportunity must be afforded all parties to respond and present evidence and argument on all issues involved." Tex.Rev.Civ. Stat.Ann. art. 6252–13a, § 13(d). The Public Accountancy Act also grants an accused the right to "produce evidence and witnesses on his own behalf, cross-examine witnesses, and examine such evidence as may

be produced against him." Tex.Rev.Civ. Stat.Ann. art. 41a–1, § 22(b)(2).

At the initial hearing before the panel of the Board, Sansing made a *pro forma* presentation of evidence in support of the Board's action. Asbury neither presented evidence in her favor nor contested Sansing's evidence. It is uncontroverted in the administrative record that both parties were acting at that time pursuant to an agreed settlement which had been approved by the panel before the introduction of Sansing's evidence. Since both Asbury and the Board were proceeding in accordance with the agreed disposition, and the Board based its disciplinary action against Asbury solely on those proceedings, the Board may not now argue in retrospect that its action was based upon a contested evidentiary hearing. "The grounds upon which an administrative order must be judged are those upon which the record discloses that the action was based." *Securities and Exchange Commission v. Chenery Corporation*, 318 U.S. 80, 87, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1942); *Allied Chemical Corporation v. Railroad Commission*, 660 S.W.2d 124, 133 (Tex.App. 1983, writ ref'd n.r.e.).

We must therefore confine our review to the ground upon which the agency's disciplinary action was based—The Agreed Disposition of Notice of Public Hearing. We have already stated, and the Board has conceded, that its action was invalid as an informal disposition because the panel's Proposal for Decision was not signed by Asbury as required by 22 Tex.Admin.Code §§ 519.26(d) and 519.27(d)(3) (1985).

The Board here attempts to fuse two distinct procedures into one, using only evidence received under an uncontested procedure as the basis for its action in a contested proceeding. The parties attempted to enter into an informal disposition from which one party withdrew without signing the final proposal for decision. At that point, the agreement to an informal disposition was vitiated and Asbury became entitled to an adversarial hearing under APTRA § 13. She never received that hearing.

We reverse the judgment of the district court and remand this cause to the district court for remand to the agency for proceedings consistent with this opinion.

ABOUSSIE, J., not participating.