**FIRST NATIONAL INDEMNITY COMPANY, Appellant,**

v.

**FIRST BANK AND TRUST OF GROVES, TEXAS, Appellee.**

No. 09–87–157 CV.

Court of Appeals of Texas, Beaumont.

June 30, 1988.

Ron J. West, Houston, for appellant.
Clint Lewis, Beaumont, for appellee.

## OPINION ON APPELLEE'S MOTION FOR REHEARING

DIES, Chief Justice.

The opinion of this court dated April 28, 1988, is withdrawn and this opinion is substituted.

Appellant, First National Indemnity Company, issued a credit insurance policy to Appellee, First Bank and Trust of Groves, Texas. The bank suffered a loss on an improvement loan and thereafter demanded indemnity from Appellant. Indemnity was not given, and Appellee filed suit for the loss, attorney's fees, and certain violations of the Deceptive Trade Practices—Consumer Protection Act. The question of obligation and amount under the contract was not submitted to the jury, but the court awarded some $21,500.00 to Appellee as its damages. The jury found against Appellee on deceptive trade practices and answered "None" to the issue for Appellee's attorney's fees. The court disregarded this issue and found Appellee was entitled to $7,649.63 attorney's fees.

By its first point of error, Appellant urges that the trial court erred in holding that Appellee was entitled to judgment on the contract (insurance policy) as a matter of law. This point of error is based upon the fact that the trial court refused Appellant's request for trial amendment of its pleadings relating to conditions precedent to recovery not having been performed. In its original petition the bank had pleaded that all conditions precedent to recovery had been complied with. Appellant's answer contained only a general denial of the bank's alleged right to recover on the policy. At trial, the bank introduced evidence as to each element of its claim based on the insurance policy and as to the amount of its damages recoverable under the policy. None of this evidence was impeached or in any way contradicted by the Appellant.

Appellant orally requested the trial court to allow it to amend its pleadings so as to place in issue whether some unspecified condition precedent to recovery under the policy had been performed. The

trial court refused to allow the trial amendment. Therefore, Appellant was not allowed to introduce any evidence concerning the failure of the bank to perform any condition precedent. The record before this court does not show that Appellant ever reduced its proposed trial amendment to writing. Furthermore, the record does not reveal what condition or conditions precedent Appellant wished to place in issue by its requested trial amendment. Therefore, we hold that if the trial court erred in refusing the requested trial amendment, Appellant failed to preserve such error for appellate review. *TEX.R. APP.P. 52(a); see also, Smith v. Davis,* 453 S.W.2d 340, 349 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n.r.e.). Since the undisputed evidence established Appellant's liability under the policy and the amount thereof, the trial court did not err in granting judgment notwithstanding the verdict as to Appellee's entitlement to judgment based on the insurance policy. *See Employers Casualty Co. v. Block,* 744 S.W.2d 940, 944 (Tex.1988); *Cochran v. Wool Growers Cent. Storage Co.,* 140 Tex. 184, 166 S.W.2d 904, 908 (1942). Appellant's first point of error is overruled.

■ By its second point of error, Appellant complains that the trial court erred in holding that Appellee was entitled to pre-judgment interest at the rate of 10% per annum when Appellee had only pleaded for such interest at the rate of 6% per annum. Appellant argues that under *TEX.R. CIV.P. 301,* "the judgment shall conform to the pleadings." With this general proposition we wholeheartedly agree; however, this right is one which may be waived. *Wm. S. Baker, Inc. v. Sims,* 589 S.W.2d 492, 493 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r. e.). Appellee's motion for judgment clearly sought to have the trial court calculate pre-judgment interest at the 10% rate. Appellant had to present this complaint to the trial court by motion to limit the judgment to the rate pleaded or exception to the amount of the judgment in order to preserve this complaint on appeal. *Id.* This Appellant failed to do. Appellant's second point of error is overruled.

■ In its third point of error, Appellant urges that the trial court erred in holding that Appellee was entitled to attorney's fees in an amount in excess of that provided in the contract and in the absence of a finding of attorney's fees by the jury. The trial court awarded attorney's fees to Appellee in the amount of $7,649.63 despite the fact that the jury had answered this issue "None." Appellant argues that such action by the trial court constituted the unauthorized granting of a judgment notwithstanding the jury's verdict.

Appellee argues that Appellant failed to preserve any such error committed by the trial court. Appellee filed a motion for judgment which requested that the trial court determine the amount of attorney's fees to which it was entitled because the jury's answer of "None" on such issue was against the great weight and preponderance of the evidence. We hold that this constituted a motion for judgment notwithstanding the verdict because it sought to have the trial court disregard a jury finding and to have the trial court make its own finding as to the amount of attorney's fees Appellee had shown to be reasonable and necessary.

■ Under the facts of this case, the Appellee was required to show that the evidence established its entitlement to attorney's fees in the amount requested as a matter of law. *Ergon, Inc. v. Dean,* 649 S.W.2d 772, 780 (Tex.App.—Austin 1983, no writ). While the testimony of counsel for Appellee was certainly sufficient to create a jury issue as to the amount of attorney's fees to which Appellee was entitled, it was not sufficient to prove that Appellee was entitled to any certain amount of attorney's fees as a matter of law. *See id.* Since the Appellee's motion for judgment did not seek a new trial on this issue and only sought to have the trial court disregard the jury's finding on inadequate grounds, we decline to require that Appellant should have filed any motion or request for limitation of judgment in order to preserve such error. Furthermore, Appellant was not required to defend its jury verdict by way of

a motion for new trial. *TEX.R.CIV.P. 324(a) & (b).*

Appellant complains that the trial court erred in awarding attorney's fees in excess of the policy's express limitations of such liability. The trial court submitted a charge to the jury including special issues relating to Appellee's causes of action based upon the Deceptive Trade Practices—Consumer Protection Act and Article 21.21 of the Insurance Code. The jury's answers to these special issues were all in favor of Appellant. The final special issue submitted to the jury reads, in pertinent part:

> "What sum of money, if any, do you find from a preponderance of the evidence would be reasonable attorney's fees for the services by the attorney for First Bank and Trust, in relation to the amount of attorney's work expended in this case...."

The jury's answer to each subpart of this special issue was "None." The contract of insurance does contain limitations on attorney's fees due the insured upon which Appellant might have relied to reduce its liability; however, the record before us contains no objection to the submission of this special issue to the jury without regard to the limitations of the policy. The special issue on attorney's fees was not predicated upon affirmative findings by the jury as to Appellee's claims based on the Deceptive Trade Practices—Consumer Protection Act or Article 21.21 of the Insurance Code. By failing to object to the submission of this special issue, Appellant waived its right to rely on the limitation of loss provisions in the policy. *TEX.R.CIV.P. 272 & 278.*

While, of course, it was Appellee's burden to establish that in this case it was entitled to attorney's fees, the determination of the amount is a jury question. *Holstein v. Grier*, 262 S.W.2d 954, 956 (Tex. Civ.App.—San Antonio 1953, no writ). Appellee argues that the jury finding of "None" to the issue was against the great weight and preponderance of the evidence since Appellant did not question Appellee's attorney's testimony as to attorney's fees. We agree that the jury's finding of "None"

on the issue of reasonable attorney's fees was against the great weight and preponderance of the evidence. *See Elizabeth Perkins, Inc. v. Morgan Express, Inc.*, 554 S.W.2d 216, 219 (Tex.Civ.App.—Dallas 1977, no writ). However, we know of no authority which allows the trial court, in such circumstances, to substitute his finding for that of the jury. Appellant's third point of error is sustained.

Appellee's claim for attorney's fees is severed, and the cause is reversed and remanded to the trial court for a determination of the amount of attorney's fees to which the Appellee is entitled. In all other respects, the judgment of the trial court is affirmed.

Affirmed in part and reversed and remanded in part.

BROOKSHIRE, Justice, concurring.

Appellee, First Bank and Trust of Groves, Texas, obtained the relief prayed for by a "Final Judgment" signed April 8, 1987. The "Final Judgment" provided that Appellee recover from the Appellant, First National Indemnity Company, reasonable attorney's fees for services rendered by the bank's attorney in the preparation and trial of the case in the amount of $7,649.63. The court awarded this reasonable attorney's fee even though the jury, in answer to a special issue had answered, "None."

The bank had filed a motion for judgment urging that the jury's answer of "None" was against the great weight and preponderance of the evidence. In a separate paragraph, in said Motion for Judgment, the bank moved the court, pursuant to *TEX.R.CIV.P. 301*, to disregard the jury's answer on the attorney's fees and render judgment in favor of the bank in the amount of $7,680.53. Since the "Final Judgment" of the trial court awarded to the bank virtually everything that it asked for in its Motion for Judgment, it would be unreasonable and illogical to require the bank to file a motion for new trial.

Where, as here, the judgment, as to the attorney's fees, was not based upon the verdict of the jury and the Appellee pre-

vailed below, then that Appellee may urge as a reply point or a cross-point involving a ruling upon such Motion for Judgment as is before us without the necessity of filing a motion for new trial. *See Motsenbocker v. Wyatt*, 369 S.W.2d 319 (Tex.1963).

Under the record in this case, with the Appellee bank recovering virtually everything it asked for, with the exception of a few dollars ($30.90), it certainly would have been a futile and self-defeating and counter-productive thing to require the bank to file a motion for new trial.

*TEX.R.CIV.P. 324(c)* provides, in substance, that when a judgment is rendered non obstante veredicto, or notwithstanding the findings of a jury on one or more questions, an Appellee may bring forth in his brief, filed in the Court of Appeals, any ground or grounds which would have vitiated the verdict or would have prevented an affirmance of the judgment below had the said judgment been signed and rendered by the trial court in harmony with the jury's verdict. It is true that *TEX.R.CIV.P. 324(c)* refers to a cross-point. Although the bank's point of error, concerning the attorney's fees question, is labeled as reply point, a fair reading of the same indicates that it is both a reply point and a cross-point. Hence, I hold that this point has not been waived. Indeed, reply points advanced by the Appellee can and do answer the points of error brought forward by the Appellant or they may and can provide independent grounds for the affirmance of the judgment.

Indeed, *TEX.R.APP.P. 74(d)* delineates a point of error and *TEX.R.APP.P. 74(e)* states that the brief of the Appellee shall reply to the points relied upon by the Appellant in due order when practicable.

Cross-points are usually the means by which an Appellee may bring forward complaints of some ruling, order or action of the trial court which the Appellee argues constituted error as to the said Appellee. *Jackson v. Ewton*, 411 S.W.2d 715, 717 (Tex.1967). In *Jackson, supra*, the court wrote:

"'Cross-points' are really 'points' which are used to preserve error committed by the trial court. They are the means by which an appellee may bring forward complaints of some ruling or action of the trial court which the appellee alleges constituted error as to him...."

In this appeal, the Appellee bank is not complaining of the ruling or the action of the trial court in awarding the attorney's fees. Hence, a cross-point will not be appropriate or, at least, not as appropriate as a reply point considering the appellate posture of the bank. Furthermore, I think this matter of the necessity of labeling a point a cross-point was settled in *Houston First American Savings v. Musick*, 650 S.W.2d 764 (Tex.1983), wherein the Supreme Court wrote, at page 770, as follows:

"In *Jackson v. Ewton*, 411 S.W.2d 715, 717 (Tex.1967) we explained that 'cross-points' are used to preserve error committed by the trial court and 'are the means by which an appellee may bring forward complaints of some ruling or action of the trial court which the appellee alleges *constituted error as to him.*' The judgment non obstante veredicto rendered by the trial court is exactly the judgment requested by American. In fact, the trial court judgment incorporates by reference American's entire motion for judgment non obstante veredicto. *Hence, it was unnecessary for American to file cross-points, because American had no complaint with the judgment of the trial court.*" (Emphasis added)

In this appeal, Appellee bank had no complaint with the judgment of the trial court.

In an appeal, where there are only two parties, one Appellant and one Appellee, the reply points should suffice and be completely efficacious. That is the spirit of the liberal rules of briefing.

This point on appeal concerns a non-finding or a "failure to find" in a jury's verdict. In the past, there has been a lively dispute or disagreement as to whether a court of appeals, such as we are, has the authority or constitutional grant of power to remand a cause of action or a particular issue or question for a new trial when a court of appeals decides that a jury's failure to find

**410**

in favor of a litigant below on a particular issue or question is actually "against the great weight and preponderance of the evidence." This proposition is, indeed, quite hotly debated even today in advanced appellate practice courses or seminars.

Nonetheless, as an intermediate appellate court, we are definitely constrained to follow and adhere to the last and very current pronouncement on the matter delivered by the Supreme Court of Texas. Therefore, we are bound to follow *Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646 (1988). The majority opinion, in *Cropper, supra*, in part, at page 647, reads:

> "[W]e decide whether a court of appeals has the authority to remand a cause for a new trial when it concludes that a jury's failure to find in favor of a party on a particular issue is 'against the great weight and preponderance of the evidence.' We hold that a court of appeals has the authority to review a 'failure to find' in the same manner in which it may review a jury's findings. TEX. CONST., art. V, Sec. 6. We further hold that this review does not violate the right of trial by jury. TEX. CONST., ART. I, Sec. 15."

Thus, I specially concur with the Court's opinion and I respectfully dissent from the dissent.

BURGESS, Justice, dissenting.

I respectfully dissent to the partial remand. The majority holds that the jury finding on attorney's fees is against the great weight and preponderance of the evidence. This may be. However, it is beside the point.

The appellee never sought a new trial before the trial court. *TEX.R.APP.P. 52(a)* requires that to preserve an appellate point, a party must have first presented such point to the trial court. In addition, *TEX.R.CIV.P. 324(b)*, requires that a complaint of factual sufficiency be raised in a motion for new trial.

Additionally, even if the trial court's judgment were to be considered a judgment n.o.v., appellee has not properly

raised the remand by cross-point. *TEX.R. CIV.P. 324(c)*. Appellee simply argues that the trial judge was empowered to disregard the jury finding and substitute the court's own finding. Since appellee has neither preserved the point below, nor properly presented it to this court, I would hold the point has been waived; therefore, this court errs in remanding for a trial on the attorney's fees.